## (September 27, 1979)

In the Matter of JACKLYN COGER, Appellant, v H. LEO DAVIDOFF, as Director of the Sullivan County Personnel Department, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered December 5, 1978 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct the respondents to reinstate petitioner to a full-time typist position and for back salary and all other rights and privileges. Appellant was a typist having been appointed from a civil service list by the Board of Education of the Liberty Central School District (board). On March 15, 1977, the board abolished two half-time typist positions. Appellant was notified that she would be terminated, effective June 30, 1977. Appellant filed a notice of petition, dated July 19, 1977, in which she contended that she was not the least senior typist in the school district and that the appointments of two others, respondents McCoach and Teed, who acquired civil service status subsequent to her, violated her rights under section 6 of article V of the State Constitution and the New York State Civil Service Law and the civil service rules and regulations of Sullivan County. Special Term dismissed the proceeding for failure of the appellant to file a notice of claim pursuant to subdivision 1 of section 3813 of the Education Law and did not otherwise consider the merits. Appellant urges that subdivision 1 of section 3813 of the Education Law does not apply to the instant proceeding because appellant's claim of unjust layoff in violation of section 6 of article V of the New York State Constitution poses a question of public interest, rather than

enforcement of a private right, and falls within one or more of the recognized exceptions to the application of subdivision 1 of section 3813. Former subdivision 1 of section 3813 of the Education Law provided: "No action or special proceeding for any cause whatever, except as hereinafter provided, relating to district property or claims against the district, or involving its rights or interests, shall be prosecuted or maintained against any school district * * * *unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months* after the accrual of such claim". We cannot agree that the appellant is vindicating a public interest in this proceeding. Where an employee, who has been laid off, seeks reinstatement and back pay in an article 78 proceeding such an action constitutes enforcement of a private right. The failure to file a notice pursuant to subdivision 1 of section 3813 bars the right to any relief sought against the district *(Board of Educ. v New York State Div. of Human Rights,* 44 NY2d 902; *Matter of Grey v Board of Educ.,* 60 AD2d 361). Where, however, as here, the school district fails to raise section 3813 before the court of original jurisdiction, this amounts to a waiver of that defense *(Flanagan v Board of Educ.,* 47 NY2d 613). The petitioner served the verified petition upon the board which contained all relevant facts of the matter. It was served a month after petitioner's dismissal. The board proceeded to answer the petition on the merits. We conclude also that the joinder of respondent Davidoff, the Director of the Sullivan County Personnel Department, in this action is inappropriate. The board of education is the civil division of the State with authority to hire and discharge employees (Civil Service Law, § 2, subds 8, 9). Respondent Davidoff, as personnel officer of the county, merely administers the provisions of the Civil Service Law (Civil Service Law, § 17). He does not have the power to appoint, discharge or repay benefits to the appellant and is, consequently, not a necessary party to the proceeding. The petition must be reinstated as to respondents McCoach and Teed since they would be adversely affected by any decision in favor of petitioner. Judgment modified, on the law, by reversing so much thereof as dismissed the petition against respondents Board of Education of Liberty Central School District, McCoach and Teed, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.