(August 26, 1992)

■ In the Matter of MARTIN CONNOR et al., Appellants, v LUIS W. OSORIO, Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of LUIS W. OSORIO, Respondent, v ELLEN LEVENTHAL et al., Appellants, et al., Respondent. (Proceeding No. 2.)—In a proceeding to invalidate a petition designating Luis W. Osorio as a candidate in a primary election to be held on September 15, 1992, for the nomination of the Democratic Party as its candidate for the public office of Senator for the 25th Senatorial District (Proceeding No. 1), the petitioners appeal from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 22, 1992, which granted the application to invalidate, and in a proceeding to validate the same petition (Proceeding No. 2), the appeal is from a judgment of the same court, also dated August 22, 1992, which granted the application to validate the petition and, in effect, vacated the judgment invalidating the same petition.

Ordered that the appeal in Proceeding No. 1 is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment in Proceeding No. 2, is reversed, on the law, without costs or disbursements, and the judgment in Proceeding No. 1 which granted the application to invalidate the petition is reinstated.

The appellants are not aggrieved by the judgment made in Proceeding No. 1 which granted their application to invalidate the designating petition at issue (CPLR 5511) and accordingly their appeal from that judgment must be dismissed.

Luis W. Osorio, the petitioner in Proceeding No. 2, attempted to commence it by obtaining an order to show cause to be served in lieu of a notice of petition as permitted by CPLR 403 (d). The order to show cause was presented to Justice Eugene L. Nardelli at the Supreme Court, New York County. Justice Nardelli signed the order but failed to fill in blanks in the document which were intended for insertion of the name of the court and county in which it was issued and before which it was returnable. The order merely stated that it was returnable in "this Court at Part 36, to be held in room

543, _____, New York, on August 12, 1992 at 9:30 a.m." The petition which was annexed to the order to show cause did contain a caption which stated that it was addressed to the Supreme Court of the State of New York, New York County, and the blue back in which the papers were contained also bore that caption.

The venue of Proceeding No. 2 was subsequently transferred to the Supreme Court, Kings County, for determination with Proceeding No. 1.

The failure of the order to show cause by which Proceeding No. 2 was commenced to specify the court in which it was granted and in which it was returnable was a jurisdictional defect requiring dismissal of the proceeding (see, CPLR 403). This defect was not cured by the caption of the petition or by the blue back. Balletta, O'Brien and Santucci, JJ., concur.

Harwood, J. P., and Eiber, J., concur in part and dissent in part and vote to dismiss the appeal in Proceeding No. 1 and to affirm the judgment in Proceeding No. 2. The order to show cause commencing Proceeding No. 2 adequately specified the time and place of the hearing thereon (see, CPLR 403 [a]). That order to show cause was returnable August 12, 1992, and directed the appellants to appear at Part 36 to be held in Room 543. Moreover, the annexed verified petition specified that the proceeding was brought in the Supreme Court of the State of New York in New York County, as did the blue back annexed thereto. Under the specific facts and circumstances presented here, the order to show cause was not jurisdictionally defective (see, CPLR 403 [a]) and the judgment in Proceeding No. 2 should be affirmed.