■ In the Matter of MICHELLE HARDER, Petitioner, v BOARD OF EDUCATION, BINGHAMTON CITY SCHOOL DISTRICT, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to, *inter alia,* review a determination of respondent which terminated petitioner's employment as a typist with the Binghamton City School District.

In July 1990 petitioner, a typist for the Binghamton City School District, was charged with incompetence, insubordination, excessive absenteeism and tardiness, misconduct and dereliction of duty. A hearing was held pursuant to Civil Service Law § 75. The Hearing Officer found petitioner guilty of all charges and recommended that she be discharged.

---

Respondent accepted this recommendation and terminated petitioner's employment. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination on various grounds. Respondent answered and submitted several objections in point of law. Supreme Court denied the objections in point of law and transferred the proceeding to this Court pursuant to CPLR 7804 (g) for resolution of the substantial evidence issue.*

Initially, we agree with respondent that Supreme Court erred in denying certain of respondent's objections in point of law. Petitioner's failure to fulfill the condition precedent of serving a notice of claim upon respondent as required by Education Law § 3813 within three months from her discharge meant that personal jurisdiction over respondent was not obtained (see, Education Law § 3813 [1]; Matter of Vail v Board of Coop. Educ. Servs., 115 AD2d 231, 232, lv denied 67 NY2d 606; see also, Matter of Coger v Davidoff, 71 AD2d 1044). "[T]he statutory requirements mandating notification to the proper public body or official must be fulfilled" (Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist., 177 AD2d 56, 58). Although it is true that the statutory requirement can be waived under certain circumstances (see, supra), there is no evidence in this case that any such circumstances are present. Accordingly, Supreme Court erred in denying respondent's objection in point of law on this issue.

Additionally, we find that dismissal of this proceeding is also appropriate on the ground that the petition is jurisdictionally defective. Petitioner's failure to timely include a return date in the notice of petition is a jurisdictional defect requiring dismissal of this special proceeding (CPLR 403 [a]; see, Matter of Civil Serv. Empls. Assn. v Albrecht, 180 AD2d 183, lv denied 80 NY2d 761). Due to the foregoing resolution of this matter, a discussion of the parties' remaining arguments is unnecessary.

Mikoll, J. P., Crew III, Mahoney and Casey, JJ., concur. Adjudged that the petition is dismissed, without costs.

---

* We note that petitioner does not discuss the issue of substantial evidence in her brief. However, as will be discussed, we find that this matter must be disposed of on procedural grounds. Accordingly, there is no need to explore whether the substantial evidence issue was waived by petitioner.