■ In the Matter of WILLIAM METZGER et al., Petitioners, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [613 NYS2d 293] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed

under Tax Law article 22 and a sales and use tax assessment imposed under Tax Law articles 28 and 29.

"It is now completely settled law that the failure to include a return date in a notice of petition as required by CPLR 403 (a) is a jurisdictional defect requiring dismissal of a special proceeding" *(Matter of Kalinsky v State Univ. of N. Y. at Binghamton,* 188 AD2d 810, 811, *lv denied* 81 NY2d 711; *see, Matter of Figaro v New York State & Local Retirement Sys.,* 703 AD2d 678; *Matter of Harder v Board of Educ.,* 188 AD2d 783, 784). This requirement applies with equal force where, as here, the proceeding is commenced by an order to show cause in lieu of a notice of petition *(see,* CPLR 403 [a], [d]; *cf., Matter of Connor v Osorio,* 185 AD2d 964, 965 [Harwood, J. P., and Eiber, J., dissenting], *revd on dissenting mem below sub nom. Matter of Osorio v Leventhal,* 80 NY2d 898). Inasmuch as the instant order to show cause fails to specify a return date, this proceeding must be dismissed. Petitioners' remaining arguments on this point have been examined and found to be lacking in merit. In light of this conclusion, we need not address the remaining issues raised on review.

Mercure, J. P., Yesawich Jr. and Peters, JJ., concur. Adjudged that the petition is dismissed, without costs.