(February 13, 1997)

■ In the Matter of BARBARA A. CLARK et al., Respondents, v BOARD OF EDUCATION FOR THE KINGSTON CITY SCHOOL DISTRICT, Appellant, et al., Respondents. [653 NYS2d 456] —Mercure, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 7, 1995 in Albany County, which granted petition-

ers' application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent Board of Education for the Kingston City School District denying petitioners' requests for retroactive membership in respondent State Teachers' Retirement System.

Petitioners, Barbara A. Clark, Mary Littleton, Jean F. McGarry and Kathryn J. Miller, were all employed by respondent Board of Education for the Kingston City School District (hereinafter respondent) as substitute teachers at various time periods during the 1970s. Each submitted a claim to respondent seeking retroactive membership in respondent State Teachers' Retirement System (hereinafter the Retirement System) pursuant to Retirement and Social Security Law § 803 (L 1993, ch 437). Each claim was denied by respondent, prompting this CPLR article 78 proceeding. In lieu of answering, respondent moved to dismiss the petition pursuant to CPLR 7804 (f) or, in the alternative, for leave to take petitioners' depositions pursuant to CPLR 408. Finding respondent's denial of petitioners' requests for retroactive membership to be irrational, Supreme Court denied respondent's motion to dismiss the petition and its alternative prayer for disclosure and granted the petition on the merits. Respondent appeals.

We agree with Supreme Court's conclusion to set aside respondent's determination denying petitioners' request for retroactive membership and accordingly affirm. First, it should be noted that the procedure under which petitioners applied for retroactive membership in the Retirement System was crafted and controlled by respondent and the Retirement System. On the appropriate form, prepared and supplied by the Retirement System, the applicant was to respond to the following threshold questions:

"1) Did your first public employer fail to advise you of your right to join a public retirement system?

"2) Did you render continuous employment * * * from the date of your first public employment to your current date of membership?"

If both questions are answered "yes", the applicant is instructed to complete a service chart showing all public employment rendered prior to joining the system and to sign and date the form and return it to the Retirement System. The form then indicates that, upon receipt of the claim, the Retirement System will provide an Employer Affidavit, to be forwarded to the applicant's first employer.

Petitioners having completed and filed the form precisely according to the instructions, respondent will not now be heard

to contend that petitioners' applications should have been supported with further affirmative evidence that they did not (i) expressly decline membership in a form filed with the employer, (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed, such form, booklet or written material can be produced and documentation or a notation to the effect that she so participated exists, or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by her to join a public retirement system, as provided in Retirement and Social Security Law § 803 (b) (3). To the contrary, we conclude that petitioners satisfied their initial burden, thereby requiring respondent to come forward with evidence in support of its claim that petitioners did not qualify for retroactive membership in the Retirement System.

In furtherance of that burden, respondent merely showed that (1) three of the petitioners (Clark, Littleton and Miller) had in the past been full-time teachers and in that connection became members of the Retirement System, and (2) all of the petitioners had on one or more occasions completed an application for substitute teaching on which she responded "no" to an inquiry as to whether she was currently a member of the Retirement System. On the first point, it is respondent's position that once an individual belongs to a Retirement System, she surely must be aware of her right to rejoin the system when, after a period of inactivity and resulting withdrawal from the system, she subsequently becomes a part-time or substitute teacher. On the second, respondent reasons that an individual's indication on an application for a substitute teaching position that she does not belong to the Retirement System constitutes a declination of such membership. In our view, both arguments lack merit. Neither an individual's prior membership in the Retirement System as a full-time teacher nor her subsequent indication that she is no longer a member of the system evidences her knowledge that she is entitled to rejoin the system by virtue of her employment as a substitute teacher or that she does not desire to join the system. Under the circumstances, Supreme Court properly concluded that respondent's determinations lacked a rational basis (cf., Matter of Hassildine v Mattituck-Cutchoque Union Free School Dist., 225 AD2d 623).

As a final matter, we note that, having denied the motion to dismiss the petition, Supreme Court should have then granted respondents an opportunity to answer the petition (see, CPLR

7804 [f]; 24 Carmody-Wait 2d, NY Prac § 145:302, at 315). None-theless, in the absence of any real question that the record as presented on the motion to dismiss permitted resolution of all disputed issues raised in the proceeding, we view Supreme Court's error as harmless (*see*, 24 Carmody-Wait 2d, NY Prac § 145:303, at 316-317; *Matter of Bayswater Health Related Facility v New York State Dept. of Health*, 57 AD2d 996, 997; *Matter of De Vito v Nyquist*, 56 AD2d 159, 161, *affd* 43 NY2d 681).

Cardona, P. J., Crew III and White, JJ., concur; Casey, J., concurs in result only. Ordered that the judgment is affirmed, with one bill of costs.