◼ In the Matter of Elizabeth Chupka, Appellant, v Board of Education of the Binghamton City School District, Respondent. [658 NYS2d 519] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 5, 1996 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for retroactive membership in the New York State Teachers' Retirement System.

In 1961, petitioner became employed by respondent as a full-time teacher and joined the New York State Teachers' Retirement System (hereinafter the Retirement System). Following a leave of absence from June 1969 to September 1971, petitioner resigned her position with respondent and, in 1972, withdrew from the Retirement System and applied for a refund of her prior contributions. Thereafter, in 1973, petitioner successfully applied for reappointment as a substitute teacher with respondent and, in 1977, she rejoined the Retirement System.

Following the enactment of Retirement and Social Security Law § 803 (L 1993, ch 437), petitioner applied for retroactive membership in the Retirement System. At the conclusion of the administrative hearing that followed, petitioner's claim was denied. Petitioner thereafter commenced this proceeding

pursuant to CPLR article 78 contending, *inter alia*, that the Hearing Officer's determination was arbitrary and capricious. Supreme Court subsequently concluded that there was a rational basis for the Hearing Officer's determination and, accordingly, dismissed the petition. This appeal by petitioner followed.

Although finding that petitioner neither "expressly decline[d] membership in a form filed with the employer" (Retirement and Social Security Law § 803 [b] [3] [i]) nor "participate[d] in a procedure explaining the option to join the system in which a form, booklet or other written material [was] read from, explained or distributed" (Retirement and Social Security Law § 803 [b] [3] [ii]), the Hearing Officer nevertheless determined that petitioner was ineligible for retroactive membership because she "participate[d] in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). The basis for the Hearing Officer's finding in this regard was twofold. First, the Hearing Officer noted that in applying for a position as a substitute teacher, petitioner responded "no" to an inquiry concerning whether she was a member of the Retirement System. Although this Court recently held that "[n]either an individual's prior membership in the Retirement System as a full-time teacher nor her subsequent indication that she is no longer a member of the system evidences her knowledge that she is entitled to rejoin the system by virtue of her employment as a substitute teacher or that she does not desire to join the system" (*Matter of Clark v Board of Educ*, 236 AD2d 709), the Hearing Officer's error in this regard does not mandate annulment.

A review of the Hearing Officer's decision makes clear that she also simply did not credit petitioner's testimony regarding the circumstances surrounding the filing of her application for a substitute teaching position in 1973 and, more to the point, petitioner's recollection of her eligibility for membership in the Retirement System at that time. Specifically, the Hearing Officer questioned petitioner's somewhat selective memory, as evidenced by petitioner's ability to recall with clarity that she was not advised in 1973 that she was eligible to rejoin the Retirement System, while being unable to recall other relevant events during that same time period. Hence, the Hearing Officer resolved a credibility issue against petitioner and, in so doing, concluded that petitioner did not meet her initial burden under Retirement and Social Security Law § 803 (b) (3) (*see*,

*Matter of Clark v Board of Educ., supra,* at 711). As there is a rational basis for the Hearing Officer's determination in this regard, Supreme Court's decision confirming the underlying determination and dismissing the petition must be affirmed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.