■ In the Matter of ANN CLEARY, Respondent, v BOARD OF EDUCATION OF THE BINGHAMTON CITY SCHOOL DISTRICT, Appellant. [663 NYS2d 374] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 3, 1996 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for retroactive membership in the New York State Teachers' Retirement System.

Petitioner began her employment with respondent as a substitute school teacher in October 1971 and continued to work in that capacity for a minimum of 20 days per year during the 1971-1972 and 1972-1973 academic years. Thereafter, in September 1973, petitioner joined the New York State Teachers' Retirement System and, following the enactment of Retirement and Social Security Law § 803, applied for retroactive membership. After being advised that respondent tentatively had elected to deny her application for retroactive membership in the Retirement System, petitioner sought and obtained administrative review pursuant to Retirement and

Social Security Law § 803 (b) (3). At the conclusion of the hearing that followed, petitioner's claim was denied, prompting her to commence this proceeding pursuant to CPLR article 78 to annul the Hearing Officer's determination. Supreme Court granted petitioner's application, finding that the Hearing Officer's determination lacked a rational basis, and this appeal by respondent ensued.

Inasmuch as the Hearing Officer concluded that petitioner neither "expressly decline[d] membership in a form filed with the employer" (Retirement and Social Security Law § 803 [b] [3] [i]) nor "participate[d] in a procedure explaining the option to join the system in which a form, booklet or other written material [was] read from, explained or distributed" (Retirement and Social Security Law § 803 [b] [3] [ii]), we are left to consider only whether there is a rational basis for the Hearing Officer's finding that petitioner "participate[d] in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). For the reasons that follow, we conclude that the Hearing Officer's determination in this regard indeed lacked a rational basis and, accordingly, Supreme Court did not err in granting the petition.

Petitioner testified that she did not discuss her eligibility for membership in the Retirement System with anyone in respondent's personnel or business office in 1971, that no one employed by respondent asked her to make a formal decision to join the Retirement System at that time and, further, that she did not recall participating in a procedure administered by respondent explaining her eligibility to join the Retirement System. In our view, such testimony was sufficient to sustain petitioner's initial burden under Retirement and Social Security Law § 803 (b) (3), thereby requiring respondent to come forward with proof in support of its claim that petitioner was not in fact eligible for retroactive membership (*see, Matter of Clark v Board of Educ.*, 236 AD2d 709, 710-711, *lv granted* 89 NY2d 816).

In this regard, the record establishes that respondent's proof, and the basis for the Hearing Officer's decision, had three components—petitioner's completion of her W-4 form, a notation in petitioner's personnel folder indicating that she was not a member of the Retirement System and the testimony offered by Diane Valky, one of respondent's employees, regarding respondent's purported "standard practice" during the relevant time period of advising newly hired teachers of their right to

join the Retirement System. The W-4 form, however, is silent with respect to petitioner's membership in or eligibility to join the Retirement System, and the notation contained in her personnel folder indicating that she was not a member of the Retirement System does not establish that she made a formal decision to decline membership (*see, Matter of Chupka v Board of Educ.*, 240 AD2d 795, 796 [negative response to inquiry whether the petitioner was a member of the Retirement System did not establish that the petitioner declined membership]). Thus, our inquiry distills to whether Valky's testimony regarding a purported standard office practice provides a rational basis for the Hearing Officer's decision.

As a starting point, we acknowledge the "traditional common-law rule of evidence that permits proof of a business, professional or other institutional practice or custom to be introduced as probative evidence that the practice or custom was or would have been followed under the same set of circumstances on a specific occasion" (*Soltis v State of New York*, 188 AD2d 201, 203; *see, Halloran v Virginia Chems.*, 41 NY2d 386, 391; *People v Boomer*, 230 AD2d 941, 942, *lv denied* 89 NY2d 919). Indeed, we have interpreted this rule to be sufficiently broad to permit a witness to not only testify as to his or her own customs or practices but to offer testimony regarding the practices of a co-worker as well (*see, Soltis v State of New York, supra*). Thus, Valky's testimony regarding the office practices purportedly adopted by one of her co-workers was not improper per se. However, even accepting as true Valky's testimony that her co-worker routinely asked newly hired teachers if they wished to join the Retirement System, such testimony is insufficient, as a matter of law, to establish that respondent had a district-wide policy of advising new employees of their eligibility for membership in and/or ascertaining their desire to join the Retirement System. As such, Valky's testimony cannot provide a rational basis for the Hearing Officer's decision.

With respect to respondent's contention that Retirement and Social Security Law § 803 is unconstitutional, we need note only that the required notice was not provided to the Attorney-General and, therefore, that issue is not properly before this Court (*see,* CPLR 1012 [b]; Executive Law § 71; *Matter of Bader v Board of Educ.*, 216 AD2d 708, 709). Accordingly, Supreme Court's judgment should be affirmed.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.