[672 NYS2d 474]

In the Matter of Donald A. deMeurers, Appellant, v New York State and Local Employees' Retirement System et al., Respondents.

Third Department, April 30, 1998

### APPEARANCES OF COUNSEL

*Failmezger & Liegel,* Syracuse (*Robert C. Failmezger* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany (*Gina M. Ciccone* of counsel), for New York State and Local Employees' Retirement System and another, respondents.

*O'Hara & O'Connell, P. C.,* Syracuse (*James P. Evans* of counsel), for East Syracuse-Minoa Central School System, respondent.

### OPINION OF THE COURT

MIKOLL, J.

The principal question raised on this appeal is whether service and filing of a notice of claim upon a school district is a

condition precedent to a CPLR article 78 proceeding challenging the denial by respondent Comptroller of petitioner's application for retroactive retirement benefits under Retirement and Social Security Law § 803.

Petitioner commenced employment as a custodian with respondent East Syracuse-Minoa Central School System (hereinafter ESM) on May 29, 1973. As of that date petitioner was eligible for tier 1 membership in respondent New York State and Local Employees' Retirement System, which required no employee contribution and offered the most attractive retirement benefits. Petitioner alleged that when he commenced employment he was not offered an opportunity to join the Retirement System, but instead learned of the option through a co-worker some five months later, whereupon he promptly enrolled. However, as of July 1, 1973 the retirement benefits law changed, so that when he joined in November 1973 petitioner was eligible only for the less favorable tier 2 benefits.

Upon learning of the enactment of Retirement and Social Security Law § 803, petitioner submitted an application for retroactive benefits to the Retirement System. When the Retirement System forwarded a copy of petitioner's application to ESM for completion of the employer affidavit, ESM opposed the claim, asserting that petitioner had participated in a procedure which a reasonable person would recognize as an opportunity to join or formally decline membership in the Retirement System, in that the "[p]ayroll clerk explained the option to [petitioner] when completing his papers—W4".

The Retirement System subsequently advised petitioner that his application was denied based upon ESM's affidavit. Petitioner sought administrative review, disputing ESM's statement that he was advised of the availability of the retirement option when completing his W-4 form, noting that membership at the time his employment commenced was free. ESM reiterated its opposition, claiming that petitioner had been informed of his option to participate by his department supervisor when hired and also stating that "all employees were explained their option to join retirement when processed for payroll". Noting that petitioner submitted no "supporting documentation" beyond his own claim that he had not been so advised, ESM urged the review board to render a finding "sustaining [ESM]".

The Retirement System advised petitioner that the Administrative Review Board had sustained the denial and further ad-

vised him of his right to a hearing and redetermination. A hearing was held on January 9, 1996, following which the Hearing Officer found that petitioner failed to sustain his burden of proof. Noting that petitioner's claim rested entirely upon his own testimony, the Hearing Officer cited the testimony of the individual who had employed petitioner that while he could not definitely state that he had advised petitioner of his right to join the Retirement System, his usual practice was to do so. In a determination dated August 1, 1996, the Comptroller formally denied petitioner's application, essentially adopting the Hearing Officer's findings of fact and conclusions of law.

In this CPLR article 78 proceeding against the Retirement System, the Comptroller, the State and ESM, petitioner sought judicial review of the Comptroller's determination. ESM contended, *inter alia*, that petitioner was required, as a condition precedent to the proceeding, to serve a notice of claim upon ESM pursuant to Education Law § 3813 (1). Supreme Court agreed with this argument and dismissed the petition, relying upon our decisions in *Matter of Harder v Board of Educ.* (188 AD2d 783) and *Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights* (226 AD2d 794, *lv denied* 88 NY2d 816). This appeal ensued.

Petitioner argues that service of a notice of claim was not a condition precedent to the commencement of this CPLR article 78 proceeding because the proceeding *essentially seeks review of a determination of the Comptroller and the Retirement System*, but that in any event substantial compliance with Education Law § 3813 (1) was effected by virtue of ESM's knowledge of and involvement with his claim since it was first made to the Retirement System, and its participation in the hearing held to review the determination. We agree.

The clear language of Retirement and Social Security Law § 803 (a) states that *"[a] public retirement system shall have the authority to grant relief* from a failure to file an application for membership" (emphasis supplied). Petitioner was required to, and did, submit his claim to the Retirement System on a preprinted form supplied by the Retirement System for that purpose. As a threshold matter, therefore, we are unconvinced of the applicability of Education Law § 3813 (1), which contemplates the submission of notices of claim to the body which has the power to adjust or pay the claim. That ESM had no such power is evident from its correspondence to the Retirement System urging denial of petitioner's claim and in its op-

position thereto in all proceedings herein. The decision adverse to petitioner was rendered by the Comptroller, not by ESM.

Even assuming, arguendo, the applicability of Education Law § 3813 (1), clearly applicable is the well-recognized exception thereto where procedures in a separate statute or contractual provision afford the school district notice and opportunity for settlement similar to that required under section 3813 (see, *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.*, 35 NY2d 371; *Matter of Grey v Board of Educ.*, 60 AD2d 361, *lv denied* 44 NY2d 645). The procedure for the assertion of claims under Retirement and Social Security Law § 803 affords the school district employer notice of the claim and the facts in question, and provides an opportunity for resolution substantially identical to the requirements of Education Law § 3813 (1).

ESM contends, however, that the holding of *Matter of Grey v Board of Educ.* (*supra*) has been eviscerated by the Court of Appeals decision in *Parochial Bus Sys. v Board of Educ.* (60 NY2d 539) and by our own decision in *Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights* (226 AD2d 794, *supra*). We disagree. *Parochial Bus* simply clarified that to establish substantial compliance with the statute, notification must be made to the appropriate public body or official. *Matter of Saranac Lake* held that upon the particular facts therein, substantial compliance with Education Law § 3813 (1) had not been established in the absence of evidence that the Board of Education received the complaint filed with the Division of Human Rights within 90 days of the date on which the claim arose (see, *Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, *lv dismissed and denied* 88 NY2d 866). Here, ESM had full knowledge of the claim from its inception and fully participated in all processes concerning its resolution, culminating with the Comptroller's denial thereof. Such notice and participation constitute ample equivalent notice within the applicable time period required under Education Law § 3813 (1). Our decision in *Matter of Harder v Board of Educ.* (188 AD2d 783, *supra*), relied upon by Supreme Court, is factually and procedurally distinguishable. In *Matter of Harder*, a proceeding was commenced by a school district *against* an employee charged with incompetence, insubordination and excessive absenteeism and tardiness. Following a hearing pursuant to Civil Service Law § 75, the charges were sustained and the employee discharged (see, *id.*, at 784). In a subsequent CPLR article 78 proceeding seeking,

*inter alia*, review of that determination and monetary damages, we upheld dismissal of the petition for failure to file a notice of claim (*see, id.*, at 784).

■ Turning to the merits of petitioner's claim, *Matter of Scanlan v Buffalo Pub. School Sys.* (90 NY2d 662) and *Matter of Cleary v Board of Educ.* (243 AD2d 949), decided subsequent to the Comptroller's determination, are dispositive. Whereas the Hearing Officer determined that petitioner had failed to sustain his burden in that he relied solely upon his own testimony, *Matter of Scanlan* expressly held that the "substantial evidence" burden under Retirement and Social Security Law § 803 may be satisfied by the claimant's own testimony that he or she was not afforded an opportunity to join a retirement system. Indeed, as noted in *Matter of Scanlan*, the passage of time makes it unlikely that anyone other than a claimant would be in a position to offer evidence on the opportunity to join a retirement system (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 676, *supra*). Moreover, given the inherent difficulty in proving a negative, the Court of Appeals concluded that "[w]ere the respondents' restrictive interpretation of 'substantial evidence' adopted very few, if any, applicants would be able to obtain retroactive membership, irrespective of the merit of their claims. *The Legislature could not have intended to enact a remedial statute that no one would be able to use*" (*id.*, at 677 [emphasis supplied]).

*Matter of Scanlan* also noted that the meaning of " 'substantial evidence' " must be found in the context in which it occurs (*id.*, at 677). In this regard, we note that in addition to petitioner's statement that he was not advised of the availability of the Retirement System when he commenced employment, two factors support his claim. First, petitioner avers, and it is not disputed, that as soon as he learned of the availability of the Retirement System from a fellow employee in November 1973, he joined. Next, the date on which petitioner joined was four months after the membership changed from tier 1 to tier 2. Had petitioner joined as of the date of his employment (May 1973), his membership would have been the most favorable (tier 1) and would have involved no cost to him. In contrast, tier 2 membership was less favorable. It is difficult to understand why a person who clearly demonstrated an interest in joining the Retirement System, as evidenced by his promptly doing so in November 1973, would have foregone an opportunity to do so five months earlier in a much more attractive retirement program.

Moreover, the Hearing Officer denied petitioner the opportunity to present evidence from other employees hired by ESM during the same approximate time period as petitioner, who would have testified that they were not advised of their right to join the Retirement System. We recently approved the use of such testimony to establish whether a procedure was in effect to inform employees of their Retirement System options (*see, Matter of Plasberg v State of New York*, 245 AD2d 681).

Finally, the Hearing Officer cited testimony of ESM's witnesses, none of whom had any specific recollection of having advised petitioner of his option to join the Retirement System, that it was their usual practice to do so. Such testimony as to a "standard practice" is of insufficient probative value to support a finding that there was in effect a District-wide policy of advising new employees (*Matter of Cleary v Board of Educ.*, 243 AD2d 949, 951, *supra*).

We conclude, therefore, that insofar as petitioner's own testimony was found to be inadequate to meet his initial burden of "substantial evidence", this finding was predicated upon a standard of proof expressly rejected in *Matter of Scanlan (supra)* and *Matter of Cleary (supra)*. We conclude further that the testimony presented by ESM did not constitute sufficient evidence to support a finding that petitioner participated in a process explaining his option to join the Retirement System. For these reasons, the Comptroller's determination is not supported by substantial evidence,* lacks a rational basis and must be annulled.

CARDONA, P. J., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, motion denied, determination annulled and petition granted.

---

* Although our conclusion would be the same under either standard, we note that the Court of Appeals in *Matter of Scanlan* applied an "arbitrary and capricious" standard of review to the agency determinations before it (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678, *supra*); reviewing herein the determination of the Comptroller following an evidentiary hearing, we have applied the "substantial evidence" standard of review pursuant to CPLR 7803 (4).