■ In the Matter of ELEANOR M. WILSON, Petitioner, v BOARD OF EDUCATION FOR THE SOUTH COLONIE CENTRAL SCHOOL DIS-

TRICT et al., Respondents. [685 NYS2d 306] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System.

Petitioner joined respondent New York State and Local Employees' Retirement System (hereinafter the Retirement System) in 1975. In 1994, she filed an application for retroactive membership in the Retirement System pursuant to Retirement and Social Security Law § 803 to cover her earlier service as a part-time noninstructional employee with the South Colonie Central School District (hereinafter the school district). Following an evidentiary hearing, respondent Comptroller upheld the school district's denial of petitioner's application upon the ground that petitioner participated in a procedure which a reasonable person would recognize as an opportunity to join or formally decline membership in the Retirement System (Retirement and Social Security Law § 803 [b] [3] [iii]). In this CPLR article 78 proceeding, petitioner primarily contends that there is not substantial evidence in the hearing record to support the Comptroller's determination. We disagree.

The hearing evidence showed that petitioner was first employed by the school district in September 1971 as a substitute clerical assistant and then, effective January 3, 1972, as a school monitor. According to the testimony of Donald McDonald, an Assistant Superintendent for the school district during those years, there was a district-wide policy in effect at that time requiring that all new employees be advised of their eligibility to join the Retirement System. Under the procedure, which was devised and put into effect by McDonald, employment packets were sent to all new employees containing, among other things, a written notice stating in pertinent part as follows: "*Application for Membership in New York State Employees' Retirement System*. All full time employees must join the retirement system. Part-time employees may do so if they desire. No social security will be deducted unless you join the retirement system. Payroll will assume you are not joining the retirement system unless the enclosed application is returned to the Payroll Department." Consistent with that procedure, petitioner was sent a packet when she was first hired and a second packet would have been sent to her following her appointment to a new position in January 1972. The packets were prepared by Pearle La Barge, McDonald's secretary, and

because the contents of each packet varied depending upon whether the employee was full time or part time, in a competitive or a noncompetitive civil service classification, or was a teacher or a noninstructional employee, each packet was double-checked by Barbara Greismer, the head payroll clerk, in order to ensure that the right materials were present.

In our view, the foregoing evidence, which was credited by the Hearing Officer, was sufficient to establish the school district's district-wide policy of advising new employees of their eligibility to join the Retirement System (see, Matter of Andrasik v Board of Educ., 255 AD2d 661, 663; compare, Matter of Cleary v Board of Educ., 243 AD2d 949, 951; Matter of de-Meurers v New York State & Local Employees' Retirement Sys., 243 AD2d 54, 60, lv denied 92 NY2d 807), "a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by [petitioner] to join [the retirement system]" (Retirement and Social Security Law § 803 [b] [3] [iii]; see, Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 680). The contrary evidence relied upon by petitioner, much of which was discredited by the Hearing Officer, merely presented a credibility issue that was resolved against her.

Petitioner's remaining contentions have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.