■ In the Matter of SHARON R. MOEN, Respondent, v LANSING CENTRAL SCHOOL DISTRICT, Appellant. [685 NYS2d 309] —Crew III, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered November 5, 1997 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for retroactive membership in the New York State Teachers' Retirement System.

Petitioner began her employment with respondent as a substitute teacher in September 1974 and continued to work in that capacity until 1982, at which time she was appointed to a full-time teaching position and began membership in the New York State Teachers' Retirement System (hereinafter Retirement System). Following the enactment of Retirement and Social Security Law § 803, petitioner applied for membership in the Retirement System retroactive to the date of her initial hiring as a substitute teacher. After her application initially was denied, petitioner sought and obtained administrative review pursuant to Retirement and Social Security Law § 803 (b) (3). At the conclusion of the hearing that followed, petitioner's claim again was denied, prompting her to commence this proceeding pursuant to CPLR article 78 to annul respondent's determination. Supreme Court granted petitioner's application and this appeal by respondent ensued.

At the outset, it is necessary to dispose of certain procedural

matters before considering the merits of this appeal. It is undisputed that petitioner and Thomas Jones, respondent's business administrator, appeared and presented evidence at the administrative hearing. Petitioner did not testify, but she did present a written statement in which she denied having been advised of her eligibility to join the Retirement System. Jones explained the investigation that he undertook to determine whether, in his opinion, petitioner was entitled to retroactive retirement benefits.[1] In so doing, he described the interviews that he had with various named individuals who were employed by respondent at the time of petitioner's initial hiring, as well as the documentation that he had reviewed. Inasmuch as the administrative hearing was informal in nature, no transcript of that proceeding was made. In its answer to the petition, however, respondent included a number of affidavits, as well as certain documentation. Specifically, the answer included, *inter alia*, an affidavit from Jones, a payroll data sheet for petitioner for 1974-1975, a 1974 payroll stub of respondent, and the affidavits of Dorothy Johnson, Barbara Abraham and Andrea Price (respondent's Superintendent), the latter of whom acted as the Hearing Officer.

Respondent contends that the affidavits and supporting documentation may not be considered on this appeal inasmuch as such material was not before the Hearing Officer at the time of the hearing (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678). As noted previously, Jones appeared at the administrative hearing and explained, in some detail, the investigation that he conducted, the people with whom he spoke and the information that they related to him, as well as the documents that he reviewed in arriving at his determination that petitioner was not entitled to retroactive benefits. In short, Jones' affidavit, together with Price's affidavit, set forth the facts that were presented at the administrative hearing upon which the Hearing Officer made her determination and are essential to determining whether respondent's determination was rational. Inasmuch as petitioner has not disputed the facts contained therein, such proof is properly before this Court.[2] We take a different view, however, with regard to the documentation annexed to the answer (presumably the documents reviewed by Jones) and the affidavits of Johnson and

---

1. Jones was the individual who, on behalf of respondent, initially denied petitioner's application for retroactive benefits.

2. It is to be noted that where there is no transcript in a mandamus proceeding and the facts before the administrative hearing are in dispute, a trial is the appropriate remedy to resolve such dispute (*see*, CPLR 7804 [h]; Siegel, NY Prac § 569, at 894 [2d ed]).

Abraham (two of the former employees with whom Jones spoke). It does not appear that those materials were before the Hearing Officer at the administrative hearing and may not, therefore, be utilized by this Court in reviewing the underlying determination.[3]

Turning to the merits, it is clear that by asserting that she was never informed of her right to join the Retirement System, petitioner satisfied her burden of providing some evidence of her entitlement to retroactive eligibility, and the burden shifted to respondent to establish that petitioner participated in a procedure that a reasonable person would recognize as requiring a decision whether to join the Retirement System (*see, Matter of Cleary v Board of Educ.*, 243 AD2d 949). In this regard, the record establishes that respondent's proof, and the basis for the Hearing Officer's decision, was that respondent had a long-standing practice, including during the relevant time period, of advising newly hired substitute teachers of the right to join the Retirement System. To that end, Jones recounted that upon hiring a new substitute teacher, either Abraham, former secretary to respondent's Superintendent, or Johnson, former district treasurer of respondent, advised the hiree of his or her eligibility to become a member of the Retirement System. Specifically, Jones indicated that Johnson had to know whether a new substitute hiree was joining the Retirement System because membership impacted the withholding from the substitute's wages for Social Security and Retirement System purposes. The proof of such district-wide practice was probative evidence that said practice was followed in the case of petitioner (*compare, id.*). Of no small import, as evidence that the practice was indeed followed, Jones related that respondent's records revealed that other substitute teachers hired during the same year as petitioner had joined the Retirement System (*see, Matter of Plasberg v State of New York*, 245 AD2d 681, 682). Accordingly, we find that there was a rational basis for respondent's determination.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

**3.** It also should be noted that the petition asserts that petitioner was hired by a school principal, received a W-4 by mail and did not interview with anyone in respondent's personnel department. Inasmuch as these assertions were not contained in petitioner's statement submitted at the administrative hearing, they were not before the Hearing Officer and may not be utilized in reviewing the determination.