■ In the Matter of KAREN LEFEBVRE, Petitioner, v SOUTH COLONIE CENTRAL SCHOOL DISTRICT et al., Respondents. [694 NYS2d 804] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System.

Petitioner, employed by respondent South Colonie Central School District, joined respondent New York State and Local Employees' Retirement System in 1979. In 1996, petitioner filed a claim pursuant to Retirement and Social Security Law § 803 seeking retroactive membership in the retirement system to include part-time employment with the school district beginning in October 1977. The school district denied her claim upon a finding that at or about the time petitioner commenced

employment, she participated in a procedure that a reasonable person would recognize as an opportunity to join or formally decline membership in the retirement system. Petitioner then sought administrative review by respondent Comptroller.

At the ensuing hearing, petitioner made a prima facie showing that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). In response, the school district offered the testimony of Donald McDonald, who originally served as the school district's Assistant Superintendent of Services and was then promoted to Assistant Superintendent and, ultimately, to Deputy Superintendent. McDonald testified concerning the district policy, in effect at the time petitioner was hired, of notifying all prospective full-time and part-time employees of their eligibility to join the retirement system. Specifically, he testified that at the time of employment, all such employees were sent a packet of forms and papers. One of the papers included in every packet contained the following notice:

*"Application for Membership in New York State Employees' Retirement System*

"All full time employees must join the retirement system. Part-time employees may do so if they desire. No social security will be deducted unless you join the retirement system. Payroll will assume you are not joining the retirement system unless the enclosed application is returned to the Payroll Department."

Moreover, McDonald testified that there was a system in effect to double check that all new employees received the retirement system notice. McDonald's testimony was supported by that of Beverly Miller, the school district's business administrator, who confirmed the existence of the procedure of sending packets containing the notice of retirement system eligibility to all new employees upon their approval by the school district's Board of Education.

In our view, this evidence, which is substantially identical to that presented in *Matter of Wilson v Board of Educ.* (257 AD2d 841), was sufficient to permit the conclusion that petitioner received the packet of materials and, thus, notice of her eligibility to join the retirement system. We are not persuaded by petitioner's effort to distinguish the facts presented here from those considered in *Matter of Wilson v Board of Educ.* (*supra*). Although the evidence presented by petitioner in this case may have justified the Comptroller's contrary determination, it is

not our province to weigh the evidence. To the contrary, having found that the Comptroller's determination is supported by substantial evidence, our inquiry is at an end (*see, id.*; *Matter of Krak v McCall*, 249 AD2d 821).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.