■ In the Matter of LORI S. LIEBERT, Respondent, v BOARD OF EDUCATION FOR THE SCOTIA-GLENVILLE CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondents. [704 NYS2d 352] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered September 30, 1998 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education for the Scotia-Glenville Central School District denying petitioner's request for retroactive member-

ship in respondent New York State Teachers' Retirement System.

In September 1983, petitioner was hired as a full-time teacher and became a tier 4 member of respondent New York State Teachers' Retirement System (hereinafter the Retirement System). In November 1993, petitioner filed a claim pursuant to Retirement and Social Security Law § 803 seeking membership in the Retirement System retroactive to the time of her initial hire as a substitute teacher by the Scotia-Glenville Central School District (hereinafter the District) in May 1975. Respondent Board of Education for the Scotia-Glenville Central School District (hereinafter respondent) controverted petitioner's claim, asserting that at or about the time petitioner commenced employment, she participated in a procedure that a reasonable person would recognize as an opportunity to join or formally decline membership in the Retirement System.

At the ensuing hearing, petitioner testified that she was never informed of her right to join the Retirement System, thereby establishing prima facie that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). In response, the District produced documentary evidence, including an "Oath of Allegiance" form which was signed and sworn to by petitioner and set forth her address and the notation "Not a Ret member", and the testimony of Gayle Van Heusen, who served as secretary to the District's Superintendent of Schools from 1945 to 1980 and was responsible for all personnel-related forms and attendant paperwork.

Van Heusen testified that the jurat, petitioner's address and the notation on the form were all written in her handwriting and that, although she had no recollection of this particular form, it was her practice to never take a jurat other than in the presence of the person making the oath. Van Heusen therefore concluded that she must have conversed with petitioner in order to have obtained the information from her. Van Heusen also testified concerning her standard practice of determining whether new teachers were Retirement System members and, if not, discussing the matter with them and advising them of their eligibility to join and of mailing teachers a letter inquiring about membership in the Retirement System.

Crediting the evidence submitted by the District and rejecting petitioner's contrary testimony, the Hearing Officer denied the application, concluding that substantial evidence supported

the District's position that it fulfilled its responsibility to inform petitioner of her eligibility to join the Retirement System. Petitioner challenged the Hearing Officer's determination in this CPLR article 78 proceeding. Relying upon this Court's prior decisions in *Matter of de Meurers v New York State & Local Employees' Retirement Sys.* (243 AD2d 54, *lv denied* 92 NY2d 807) and *Matter of Cleary v Board of Educ.* (243 AD2d 949) for the proposition that evidence of a standard district practice cannot overcome an employee's specific recollection, Supreme Court annulled respondent's determination. Respondent appeals.

We reverse. Although the law may have been unsettled at the time of Supreme Court's determination (*see, Matter of de Meurers v New York State & Local Employees' Retirement Sys.*, *supra*), it is now clear that evidence of a District-wide policy of advising new employees of their eligibility to join the Retirement System may of itself provide adequate evidentiary support for a finding that the District engaged in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision to join the Retirement System (*see, Matter of Lefebvre v South Colonie Cent. School Dist.*, 263 AD2d 921; *Matter of Chandler v Board of Educ.*, 259 AD2d 935; *Matter of Wilson v Board of Educ.*, 257 AD2d 841; *Matter of Andrasik v Board of Educ.*, 255 AD2d 661, *lv denied* 93 NY2d 801; *see also, Matter of Candrea v Board of Educ.*, 236 AD2d 536, 537-538), as was expressly recognized in *Matter of Cleary v Board of Educ.* (*supra*, at 951). In light of that authority, we conclude that the Hearing Officer was entitled to credit the District's evidence concerning its standard practice of advising all newly hired teachers of their eligibility to join the Retirement System and deny the application on that basis.

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.