■ ADC CONTRACTING AND CONSTRUCTION CORP., Respondent, v NEW YORK CITY DEPARTMENT OF DESIGN AND CONSTRUCTION et al., Appellants. [808 NYS2d 69]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 15, 2004, which directed a trial on the facts alleged in the petition, unanimously affirmed, without costs.

While respondents refer to the "administrative record" in justifying their determination, in fact there is little information indicating what was presented at the default hearing before the Department's Deputy Commissioner. There appears to be no transcript or other attempt at a formal record, and the Deputy Commissioner did not set forth his findings of fact to explain his reasoning. It is noteworthy that in their answer, respondents did not produce an affidavit from the Deputy Commissioner himself, but rather submitted simply an affidavit from the Program Director within the Department's Structural Unit. While the Program Director may have accurately related what he presented at the default hearing, he did not discuss what petitioner had presented in response. The Program Director did not attest to the reasons why—after hearing petitioner's justifications for its delay—the Deputy Commissioner decided to disregard petitioner's position, nor was he in a position to do so.

Even though the Program Director referred, in his own affidavit, to the affidavit and summary by the Department's engineer, he acknowledged that the information in the engineer's statement was not presented to the Deputy Commissioner at the default meeting. Thus, in light of the foregoing, *Matter of Moen v Lansing Cent. School Dist.* (257 AD2d 846 [1999]), on which the City relies, is distinguishable (*see id.* at

847-848; *see also* CPLR 7804 [h]). Moreover, petitioner empha-
sizes that it should have the opportunity to submit to the court
"any competent and relevant proof . . . bearing on the triable
issue here presented and showing that any of the underlying
material on which the [Deputy Commissioner] based [his] deter-
mination has no basis in fact" (*Matter of Mandle v Brown*, 5
NY2d 51, 65 [1958]), or that the determination was irrational or
arbitrary (*Matter of Newbrand v City of Yonkers*, 285 NY 164,
178 [1941]; *Matter of Poster v Strough*, 299 AD2d 127, 142
[2002]). Concur—Mazzarelli, J.P., Andrias, Marlow, Williams
and Sweeny, JJ.