Matter of Sears v DiNapoli (2018 NY Slip Op 08610)





Matter of Sears v DiNapoli


2018 NY Slip Op 08610


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526680

[*1]In the Matter of PATRICIA SEARS, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Mazzotta & Vagianelis, PC, Albany (John F. Hayko of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for retroactive tier 2 status
in respondent New York State and Local Retirement System.
Petitioner was a permanent employee of the Department of Taxation and Finance from November 10, 1977 until her retirement on July 29, 2015. Shortly after becoming a permanent employee, petitioner applied for membership in respondent New York State and Local Retirement System and was assigned tier 3 membership status. Prior thereto, petitioner had two periods of seasonal employment with the Department — first from March 4, 1976 to June 30, 1976 and then again from January 6, 1977 until September 16, 1977. Before her second temporary period of employment with the Department commenced, petitioner signed a waiver dated December 28, 1976 acknowledging her right to join the Retirement System and electing not to do so.
After Retirement and Social Security Law § 803 was enacted in 1993, petitioner sought and was denied retroactive tier 2 membership in the Retirement System. Shortly before she retired in July 2015, petitioner revisited this issue with the Department; following a final determination by the Retirement System, which again denied petitioner's request for tier 2 membership, a hearing was held. Although the Hearing Officer recommended that petitioner's application for retroactive tier 2 membership be granted, respondent Comptroller disagreed, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.
Respondents concede, and our review of the record confirms, that the underlying determination is not supported by substantial evidence. As the Hearing Officer aptly observed, the waiver signed by petitioner in December 1976 cannot be applied retroactively to encompass petitioner's initial period of seasonal employment from March 1976 to June 1976, and petitioner testified without contradiction that she was neither offered an opportunity to join nor declined membership in the Retirement System at that time. Notably, the Department acknowledged in correspondence with petitioner that there was no information in her personnel file regarding her membership options or opportunities when she was first hired in 1976, nor were there any current employees who could attest to the membership notification procedures that were in place when petitioner was first hired, and the documentary proof offered at the hearing was insufficient to establish, among other things, that petitioner participated in a procedure that a reasonable person would recognize as an opportunity to join or decline membership in the Retirement System (compare Matter of Nesenoff v Board of Educ. of Syosset Cent. School Dist. , 270 AD2d 424, 425 [2000], with Matter of Liebert v Board of Educ. for Scotia-Glenville Cent. School Dist. , 270 AD2d 617, 619 [2000], lv denied 95 NY2d 755 [2000], and Matter of Lefebvre v South Colonie Cent. School Dist. , 263 AD2d 921, 922 [1999]). Accordingly, the Comptroller's determination is annulled, and petitioner's application for retroactive tier 2 status in the Retirement System is granted.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and matter remitted to respondent New York State and Local Retirement System for further proceedings not inconsistent with this Court's decision.