Matter of Campaign for Buffalo History, Architecture & Culture, Inc. v City of Buffalo (2022 NY Slip Op 02927)

Matter of Campaign for Buffalo History, Architecture & Culture, Inc. v City of Buffalo

2022 NY Slip Op 02927

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

428 CA 22-00086

[*1]IN THE MATTER OF THE CAMPAIGN FOR BUFFALO HISTORY, ARCHITECTURE & CULTURE, INC., PETITIONER-APPELLANT,
v
CITY OF BUFFALO AND ADM MILLING, CO., RESPONDENTS-RESPONDENTS. 

LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONER-APPELLANT. 
CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR RESPONDENT-RESPONDENT CITY OF BUFFALO.
MARKARIAN MAGAVERN GRIMM, LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), AND PERSONIUS MELBER LLP, FOR RESPONDENT-RESPONDENT ADM MILLING, CO.
LIPPES MATHIAS LLP, BUFFALO (CARMEN A. VACCO OF COUNSEL), FOR DOUGLAS DEVELOPMENT CORPORATION AND DOUGLAS JEMAL, AMICUS CURIAE.

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 5, 2022 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition and vacated a temporary restraining order. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition and temporary restraining order are reinstated and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination ordering an emergency demolition of a structure located in respondent City of Buffalo (City) known as the Great Northern Grain Elevator (Grain Elevator). The Grain Elevator was designated as a City landmark in 1990. After a significant windstorm caused part of the northern wall of the Grain Elevator to collapse in December 2021, the Commissioner of the City's Department of Permit and Inspection Services (Commissioner), after an investigation, made the determination in question upon concluding that the Grain Elevator was structurally unsound, in imminent danger of collapse, and posed an immediate threat to the health, welfare, and safety of the public. As a result, the City issued a notice of condemnation to respondent ADM Milling, Co. (ADM), the building's owner, declaring the building condemned and ordering demolition as soon as possible.
Petitioner sought to annul the Commissioner's determination on the ground, inter alia, that it lacked a rational basis. In support of the petition, petitioner attached an unsworn and unsigned expert affidavit from a licensed architect who opined that the Grain Elevator could be adequately repaired and did not need to be demolished. Although Supreme Court determined that a fact-finding hearing was necessary to evaluate whether the Commissioner's determination had a rational basis (see generally CPLR 7804 [h]; Matter of Pasta Chef v State Liq. Auth., 54 AD2d 1112, 1112 [4th Dept 1976], affd 44 NY2d 766 [1978]), the court refused to permit, inter alia, testimony from petitioner's expert on the ground that it was not relevant. At the hearing, the court permitted only the testimony of the Commissioner. Thereafter, the court issued a judgment in which it vacated a previously issued temporary restraining order prohibiting demolition of the [*2]Grain Elevator, denied petitioner's request for a preliminary injunction, and dismissed the petition. Petitioner now appeals.
As an initial matter, we reject petitioner's contention that the Commissioner acted outside of his emergency authority under the Buffalo City Code. Generally, when an application is made to the Commissioner for the demolition of a building that has been designated as a landmark, the Commissioner is required to provide written notice of any proposed order or direction concerning the application to the City Preservation Board (Board) and give the Board 10 days in which to comment prior to taking further action (see Buffalo City Code § 337-28 [B]). However, in situations where the Commissioner issues an order of demolition "to remedy emergency conditions, determined to be imminently dangerous to life, health or property," formal prior notice to the Board is not required (§ 337-28 [A]). Thus, the only issue on this appeal is whether the Commissioner's determination, ordering that the building be demolished because it poses a threat to public health and safety, was arbitrary and capricious.
Petitioner contends that the court erred in refusing to permit it to introduce certain proposed expert testimony and other evidence at the fact-finding hearing. Here, the record establishes that petitioner requested that it be permitted to present such evidence at the hearing. Thus, contrary to ADM's assertion, petitioner preserved that contention for our review (see generally CPLR 5501 [a] [3]; cf. Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 25 NY3d 1051, 1053 [2015]; Matter of Brown v Feehan, 125 AD3d 1499, 1502 [4th Dept 2015]).
With respect to the merits, we conclude, initially, that the court appropriately directed the hearing on the limited issue of how the Commissioner reached his determination and, specifically, whether the Commissioner had a rational basis for issuing the order for demolition (see Monroe-Livingston Sanitary Landfill v Bickford, 107 AD2d 1062, 1062 [4th Dept 1985], lv dismissed 65 NY2d 604, 610, 923, 1025 [1985]). We agree with petitioner, however, that, while petitioner is not entitled to a de novo hearing on the Commissioner's determination (see id.), the court erred in refusing to consider petitioner's proposed evidence inasmuch as it should have afforded petitioner the opportunity to submit " 'any competent and relevant proof . . . bearing on the triable issue here presented and showing that any of the underlying material on which the [Commissioner] based [his] determination has no basis in fact' . . . , or that the determination was irrational or arbitrary" (ADC Contr. & Constr. Corp. v New York City Dept. of Design & Constr., 25 AD3d 488, 489 [1st Dept 2006]; see Matter of Mandle v Brown, 5 NY2d 51, 65 [1958]; Matter of Newbrand v City of Yonkers, 285 NY 164, 178 [1941]). We therefore reverse the judgment, reinstate the petition and temporary restraining order, and remit the matter to Supreme Court for a hearing consistent with our decision.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court