In the Matter of BETTY-JEAN HASSILDINE, Petitioner, v MATTITUCK-CUTCHOGUE UNION FREE SCHOOL DISTRICT et al., Respondents. [639 NYS2d 441]

The informal hearing conducted by the respondent Board of Education (hereinafter the Board) in this case was not a quasi-judicial evidentiary hearing mandated by law. Therefore, the standard of review to be applied in this proceeding is whether the Board's determination was arbitrary and capricious or affected by error of law, not whether the determination was supported by substantial evidence *(see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757-758; *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 178-179; *Matter of Colton v Berman,* 21 NY2d 322, 329; CPLR 7803 [4]). Consequently, the Supreme Court improperly transferred the proceeding to this Court. However, because the record is sufficient to permit review, we will determine the issues raised *(see,* CPLR 7804 [g]; *Matter of 125 Bar Corp. v State Liq. Auth., supra,* at 180).

The Board's determination that the petitioner was not eligible for retroactive membership in the retirement system had a rational basis and was not arbitrary and capricious. Therefore, it should not be set aside. O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.