■ In the Matter of ERIC CANDREA, Respondent, v BOARD OF EDUCATION OF YONKERS CITY SCHOOL DISTRICT et al., Appellants. [653 NYS2d 680] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Superintendent of

Schools of the Yonkers City School District dated April 10, 1995, which found that the petitioner was not eligible for retroactive membership in the New York State Teachers' Retirement System, the Board of Education of Yonkers City School District and Reginald Marra, Superintendent of Schools, appeal from a judgment of the Supreme Court, Westchester County (Smith, J.), entered January 16, 1996, which granted the petition and annulled the determination. The appeal brings up for review so much of an order of the same court entered June 13, 1996, as, upon reargument, adhered to the judgment (*see*, CPLR 5517 [b]).

Ordered that the appeal from the judgment entered January 16, 1996, is dismissed, as that judgment was superseded by the order entered June 13, 1996, made upon reargument; and is further,

Ordered that the order entered June 13, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner was hired as a part-time teacher by the Yonkers City School District (hereinafter the School District) in 1975, but did not join the New York State Teachers' Retirement System (hereinafter the Retirement System) until he became a full-time employee in 1977. Pursuant to Retirement and Social Security Law § 803 (b), he sought to obtain retroactive membership in the Retirement System, claiming that the School District had not advised him of his option to join. The appellants found that the petitioner was not eligible for retroactive membership because when he was hired he had participated in "a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision * * * to join the retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). The petitioner then commenced this CPLR article 78 proceeding. The Supreme Court granted the petition and vacated the appellants' determination, finding it to be arbitrary and capricious.

The appellants' determination was purportedly based on the existence of a standard practice in the School District during the relevant time period of advising newly-hired teachers of their right to join the Retirement System. The Supreme Court concluded that the appellants' determination was arbitrary and capricious because there was no direct evidence that the petitioner had actually participated in this procedure.

While the court erred in imposing a burden on the appellants to produce direct evidence of the petitioner's actual participation (*see*, Retirement and Social Security Law § 803

[b] [3]; *Matter of Hassildine v Mattituck-Cutchogue Union Free School Dist.*, 225 AD2d 623), the petition was properly granted. Despite the existence of this allegedly "standard" practice, the appellants had previously found that other teachers hired during the same approximate time period were eligible for retroactive membership because they had not been afforded an opportunity to join the Retirement System. Under the circumstances, the determination that the petitioner was not eligible for retroactive membership was arbitrary and capricious as there was no rational basis for distinguishing the petitioner's eligibility from that of the others who were found to be eligible. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.