■ In the Matter of SARAH L. GREGORY, Petitioner, v BEMUS POINT CENTRAL SCHOOL DISTRICT, Respondent. [654 NYS2d 502] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following

Memorandum: Petitioner was hired by respondent, Bemus Point Central School District, as a substitute teacher in 1973 and as a full-time teacher in 1980. Although eligible to join the New York State Teachers' Retirement System in 1973, which would have placed her in Tier II, petitioner did not enroll until 1976, thus placing her in Tier III. In January 1995 petitioner sought retroactive membership in Tier II pursuant to Retirement and Social Security Law § 803, a remedial statute enacted in 1993 to permit "retroactive membership in a public retirement system when the member did not join when originally eligible to do so, but for reasons not attributable to their [sic] own negligence" (Governor's Approval Mem, Bill Jacket, L 1993, ch 437).

Respondent denied the request of petitioner for retroactive membership on the grounds that, when hired in 1973, she participated in a procedure "explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed" (Retirement and Social Security Law § 803 [b] [3] [ii]) and in a "procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). Petitioner contends in this CPLR article 78 proceeding that respondent's refusal to approve her request for retroactive membership was arbitrary and capricious (see, CPLR 7803 [3]). We agree.

The minutes of a meeting with the school Superintendent attended by petitioner show that Jesse Hamilton, a former employee in respondent's Personnel Department, stated that in 1973, pursuant to standardized procedures, she would inform all new teachers, including substitutes, of their right to join the retirement system. Hamilton did not recall, however, whether she met with petitioner, and respondent offered no other proof that petitioner had been informed of her retirement rights. The notation on petitioner's employment form that petitioner was not a member of the system in 1973 is not probative on the issue whether petitioner chose not to join the system at that time (see, Matter of Fariel v Board of Educ., Sup Ct, Nassau County, May 17, 1995, Schmidt, J., index No. 2419/ 95, affd 238 AD2d 854). The minutes further show that petitioner asserted that she had not met with Hamilton in 1973 and that she was not informed of her right to join the retirement system as a substitute until 1976. Petitioner also submitted statements from three other substitute teachers hired by respondent at or about the same time as petitioner;

those teachers asserted that they were not advised of the right to join the retirement system.

We conclude that petitioner met her burden of proving by substantial evidence that she did not participate in a procedure complying with the criteria of either Retirement and Social Security Law § 803 (b) (3) (ii) or (iii). We therefore grant the petition and direct respondent to file with the retirement system an affidavit stating that petitioner is entitled to retroactive membership in the retirement system (*see, Matter of Leister v Board of Educ.*, 232 AD2d 641). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Chautauqua County, Gerace, J.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.