[664 NYS2d 149]

BOARD OF COOPERATIVE EDUCATIONAL SERVICES FOR THE SOLE SUPERVISORY DISTRICT OF ROCKLAND COUNTY et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Action No. 1.)

BAYPORT-BLUE POINT UNION FREE SCHOOL DISTRICT et al., Appellants, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEMS et al., Respondents. (Action No. 3.)

TOWN OF BROOKHAVEN et al., Appellants, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. (Action No. 4.)

Third Department, November 13, 1997

APPEARANCES OF COUNSEL

*O'Connell & Riley,* Pearl River *(James K. Riley* of counsel), for appellants in Action No. 1.

*Cahn, Wishod & Lamb,* Melville *(Eugene L. Wishod* of counsel), for appellants in Action No. 3.

*Cooper, Sapir & Cohen, P. C.,* Melville *(David M. Cohen* of counsel), for appellants in Action No. 4.

*Dennis C. Vacco, Attorney-General,* Albany *(Peter G. Crary* and *Peter H. Schiff* of counsel), for State of New York and others, respondents.

## OPINION OF THE COURT

CARDONA, P. J.

Plaintiffs commenced three declaratory judgment actions, later consolidated, to challenge the constitutionality of Retirement and Social Security Law § 803 (L 1993, ch 437). That statute permits current members of a public retirement system, who did not join when they first became eligible because they were unaware of their right to do so, to obtain retroactive membership to the date when they first became eligible.* For members in continuous service since the 1970's, enhanced retirement benefits may include, besides additional service

---

* Retroactive membership shall be granted if:

(1) the member filed a written request for it with his or her current retirement system between October 24, 1993 and October 24, 1996 (Retirement and Social Security Law § 803 [b] [1]);

(2) "the member has served continuously in a position or positions which would have entitled the member to join a public retirement system. For the purpose of this paragraph * * * a member shall be considered to have served continuously from the earliest date after which he or she shall have rendered at least twenty days of eligible service during each plan year of such public retirement system, excluding one break in service of not more than one plan year or not more than two plan years when such break in service is attributable to the birth of a child of the member or care for such child or the placement of a child with the member for adoption or foster care" (Retirement and Social Security Law § 803 [b] [2]); and

(3) "the employer who employed such member at the time he or she was first eligible to join a public retirement system files with the retirement system an affidavit stating that the relief sought is appropriate because the member did not (i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed * * * (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3]).

credit, a change in tier and the return of all employee contributions. Under the original statutory scheme, the entire cost of an applicant's retroactive membership could be imposed upon the "employer who employed such member at the time he or she was first eligible to join a public retirement system" (Retirement and Social Security Law § 803 [e] [1]).

Plaintiffs moved and defendants cross-moved for summary judgment. Plaintiffs argued that such an imposition saddled school districts and other public employers with paying the costs of enhanced benefits for members whose current salaries far exceeded the salaries they earned when first employed as substitute teachers or part-time employees, some of whom may have only worked one day for their first employers. Supreme Court granted the cross motion and dismissed all the complaints. Plaintiffs appeal.

█ Initially, we note that the Legislature recognized the disproportionate financial burden placed upon first employers when it amended Retirement and Social Security Law § 803 in 1995 (L 1995, ch 683) and adopted a formula for spreading out or "socializing" the statute's costs among a member's other public employers. Under that methodology, only the cost related to the original salary is paid by the first employer. However, to ensure that first employers would diligently review all section 803 claims, the Legislature limited the socialization of retroactive membership costs to those cases where employer affidavits were filed prior to the statute's cut-off date of June 1, 1995. Under the limitation, first employers were still held responsible for paying the entire cost of post-June 1, 1995 claims. During the pendency of this appeal, the Legislature once again amended chapter 683 of the Laws of 1995 (L 1997, ch 606) by removing the June 1, 1995 time frame. Thus, by socializing the costs of retroactive membership among all of the participating employers in the affected retirement systems, the 1997 amendment to chapter 683 of the Laws of 1995 has rendered moot plaintiffs' challenges premised upon the Equal Protection and Due Process Clauses of the US and NY Constitutions.

█ Turning to plaintiffs' claim that Retirement and Social Security Law § 803 violates NY Constitution, article V, § 7, we find that it lacks merit. That provision recognizes membership in a State pension or retirement system as a contractual relationship and prohibits the diminution or impairment of pension benefits. Section 803 does not diminish any member's benefits. Rather, it augments benefits for eligible members.

■ We also find unpersuasive plaintiffs' arguments that benefits payable under section 803 are unconstitutional gifts to private individuals in violation of NY Constitution, article VIII, § 1. While the Court of Appeals voided, under this article, legislation which established a retroactive pension program for teachers who had already left public employment as a mere gratuity (*see, Matter of Mahon v Board of Educ.,* 171 NY 263), section 803 does not entail the payment of extra compensation to retirees. It merely extends retroactive membership and presents the possibility of increased pension benefits to *current* public employees who have been in continuous public service and always eligible to join the retirement system but for the fact they were not informed of that right.

■ Plaintiffs also contend that to the extent payments by first employers benefit another public employer, they violate NY Constitution, article VIII, § 2. Assuming, arguendo, that the 1997 amendment has not totally alleviated this issue, we do not find any violation of this section of the Constitution. The section provides that "[n]o county, city, town, village or school district shall contract any indebtedness except for county, city, town, village or school district purposes, respectively", and "applies only to indebtedness *voluntarily assumed* and payable at a stipulated time in the future in accordance with stipulated terms" (*Cherey v City of Long Beach,* 282 NY 382, 389 [emphasis supplied]). Although section 803 permits the public employer to amortize retroactive membership costs over a period of 5 or 10 years *(see,* Retirement and Social Security Law § 803 [e] [1], n), the indebtedness in not voluntarily assumed; rather, it is imposed on first employers, like a judgment, for a past breach of duty. In any event, we agree with defendants that the 1951 amendment to NY Constitution, article VII, § 8, which provides that "nothing in this constitution contained shall prevent the legislature from providing for * * * the increase in the amount of pensions of any member of a retirement system of the state, or of a subdivision of the state", specifically excludes from the article VIII prohibitions any increases in pension benefits resulting from the extension of retroactive membership rights under section 803.

We have examined plaintiffs' remaining arguments and find that they lack merit.

MIKOLL, MERCURE, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, without costs.