■ In the Matter of CARL L. DAPP, JR., Respondent, v BOARD OF EDUCATION OF YONKERS CITY SCHOOL DISTRICT, Appellant. [670 NYS2d 567] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Superintendent of Schools of the Yonkers City School District, dated April 2, 1996, which found that the petitioner was not eligible for retroactive membership in the New York State Teachers' Retirement System, the Board of Education of the Yonkers City School

District appeals from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered January 27, 1997, which granted the petition, annulled the determination, and directed the Board of Education of the Yonkers City School District to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

Ordered that the judgment is affirmed, with costs.

The petitioner has been a part-time teacher in the Yonkers City School District (hereinafter the School District) since 1973, but first joined the New York State Teachers' Retirement System (hereinafter the Retirement System) in 1976. Pursuant to legislation enacted in 1993, he sought retroactive membership in the Retirement System. In support of his application the petitioner alleged that he had not been informed either verbally or in writing of his option to join the Retirement System at the time he was interviewed for a substitute teaching position in 1972. He further alleged that he was not so informed when he was hired in 1973. The School District denied the application based upon its contention that it had practices and procedures in place at the time the petitioner was hired which provided information to all teaching employees, including substitute teachers, with respect to their option to join the Retirement System. The petitioner then commenced this proceeding pursuant to CPLR article 78. The Supreme Court found that the School District's determination was arbitrary and capricious. We agree.

The petitioner's allegations constituted the substantial evidence necessary to meet his burden of establishing that he did not participate in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join the Retirement System (see, Retirement and Social Security Law § 803 [b] [3]; *Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662; *Matter of Zinman v Board of Educ.,* 248 AD2d 716 [decided herewith]). The burden then shifted to the School District to demonstrate otherwise. The vague and conclusory statements by the School District employees that procedures to inform about eligibility to join the Retirement System were in place at the time the petitioner was hired are insufficient to meet this burden (see, *Matter of Scanlan v Buffalo Pub. School Sys., supra; Matter of Gregory v Bemus Point Cent. School Dist.,* 237 AD2d 887; *Matter of Candrea v Board of Educ.,* 236 AD2d 536). Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.