■ In the Matter of JANET C. ZINMAN, Appellant, v BOARD OF EDUCATION, YONKERS CITY SCHOOL DISTRICT, Respondent. [670 NYS2d 568] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Superintendent of Schools of the Yonkers City School District, dated May 1, 1996, which denied the petitioner's application for retroactive membership in the New York State Teachers' Retirement System, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered December 24, 1996, which denied the petition and dismissed the proceeding. The appeal brings up for review so much of an order of the same court, dated July 2, 1997, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated July 2, 1997, made upon reargument; and it is further,

Ordered that the order dated July 2, 1997, is reversed insofar as reviewed, on the law, the judgment is vacated, the petition is granted, the respondents' determination is annulled, and the matter is remitted to the Board of Education, Yonkers City School District, to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the contention of the Board of Education, Yonkers City School District (hereinafter the School District), the petitioner's assertion that she did not participate in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join the retirement system amounted to substantial evidence necessary to sustain her burden under Retirement and Social Security Law § 803 (b) (3) (see, Matter of Scanlan v Buffalo Pub. School, 90 NY2d 662; Matter of Dapp v Board of Educ., 248 AD2d 712 [decided herewith]). Accordingly, the School District's denial of the petitioner's request for retroactive membership in the retirement system was arbitrary and capricious (see, Matter of Leister v Board of Educ., 232 AD2d 641, affd sub nom. Scanlan v Buffalo Pub. School, 90 NY2d 662, supra; Matter of Kaufman v Board of Educ., 236 AD2d 538; Cleary v Board of Educ., 243 AD2d 949; Matter of Candrea v Board of Educ., 236 AD2d 536; Matter of Gregory v Bemus Point Cent. School Dist., 237 AD2d 887; Matter of Fariel v Board of Educ., 230 AD2d 854; cf., Hassildine v Mattituck-Cutchogue Union Free School Dist., 225 AD2d 623). Bracken, J. P., Thompson, Goldstein and Joy, JJ., concur.