■ In the Matter of ELISH V. HICKEY, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES FOR THE SOLE SUPERVISORY DISTRICT OF ROCKLAND COUNTY, Appellant. DENNIS VACCO, as Attorney-General of the State of New York, Nonparty Respondent. [674 NYS2d 54] —In a proceeding pursuant to CPLR article 78 to compel the appellant to execute an affidavit pursu-

ant to Retirement and Social Security Law § 803 verifying the petitioner's eligibility for retroactive membership in the New York State Teachers' Retirement System, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated December 6, 1996, which granted the petition.

Ordered that the judgment is affirmed, with one bill of costs.

We agree with the Supreme Court's finding that the refusal by the Board of Cooperative Educational Services for the Sole Supervisory District of Rockland County (hereinafter BOCES) to submit the statutorily-required affidavit of the petitioner's eligibility for retroactive membership in the New York State Teachers' Retirement System (hereinafter the Retirement System) was arbitrary and capricious. The petitioner's assertions constituted substantial evidence necessary to meet her burden of establishing that she did not participate in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join the Retirement System (see, Retirement and Social Security Law § 803 [b] [3]; *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662; *Matter of Dapp v Board of Educ.*, 248 AD2d 712; *Matter of Zinman v Board of Educ.*, 248 AD2d 716). Further, the vague and conclusory statement of BOCES that a procedure to inform potential employees about eligibility to join the Retirement System was in place at the time the petitioner was hired is insufficient to justify its refusal to execute the subject affidavit (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra; Matter of Gregory v Benus Point Cent. School Dist.*, 237 AD2d 887).

Further, we agree with the Supreme Court's finding that Retirement and Social Security Law § 803 is constitutional (*see, Board of Coop. Educ. Servs. v State of New York*, 236 AD2d 84).

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.