■ In the Matter of DOREEN SPECTOR, Appellant, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Respondent. [674 NYS2d 760] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Superintendent of the Yonkers City School District, dated August 9, 1996, which found that the petitioner was not eligible for retroactive membership in the New York State Teachers' Retirement System, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.), which, upon granting the cross motion of the respondent, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, with costs, the cross motion is denied, the petition is granted, the respondent's determination is annulled, and the matter is remitted to the Board of Education of the Yonkers City School District to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

The petitioner asserted that she was not informed of her right to join the Teachers' Retirement System when she was interviewed for a substitute teaching position in 1973. Contrary to the Supreme Court's conclusion, this was sufficient to meet her initial burden of establishing that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * her to join" the Retirement System (Retirement and Social Security Law § 803 [b] [3]; *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662; *Matter of Hickey v Board of Coop. Educ. Servs.*, 250 AD2d 768; *Matter of Dapp v Board of Educ.*, 248 AD2d 712; *Matter of Zinman v Board of Educ.*, 248 AD2d 716). The respondent's vague and conclusory allegations that at the time the petitioner was hired a standard practice existed to inform new part-time and substitute teachers of their right to join the Retirement System were insufficient to demonstrate a rational basis for its determination that the petitioner participated in a procedure by which she was advised of her right to join and is ineligible for retroactive membership (see, *Matter of Scanlan v Buffalo Pub. School Sys.*,

*supra,* at 678-679; *Matter of Dapp v Board of Educ., supra; Matter of Zinman v Board of Educ., supra).*

We find no merit to the School District's claim that this proceeding should be dismissed on procedural grounds. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.