In the Matter of MARY A. KENDALL, Respondent, v BOARD OF EDUCATION OF THE SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Appellant. [676 NYS2d 670] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the South Orangetown Central School District, dated March 13, 1996, which found that the petitioner was not eligible for retroactive membership in the New York State Teachers' Retirement System, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated June 30, 1997, which granted the petition and vacated the determination.

Ordered that the judgment is affirmed, with costs.

On January 21, 1986, the petitioner began employment with the South Orangetown Central School District (hereinafter the District) as a teacher's aide, a position which permitted her to join a "public retirement system" (Retirement and Social Security Law § 800 [a]). In April 1987 the petitioner signed a written acknowledgment that she had been informed of her right to join a public retirement system. However, she did not become a member of a public retirement system until 1990. In 1996 the petitioner filed for retroactive membership in a public retirement system.

The petitioner alleged that she was not informed of her option to join a public retirement system at the time she was hired. The District denied the application based primarily upon an affidavit from a former employee who worked for the District from 1949 to 1987 and who was employed in the position of "Personnel Assistant" between 1984 and 1987. This employee stated in pertinent part that "[s]hortly after [1957], when the District hired a new employee, the employee was given a packet

of materials [regarding membership in the public retirement system]". The petitioner then commenced this proceeding pursuant to CPLR article 78.

The Supreme Court erred in determining that the District was required to obtain written acknowledgment from the petitioner that she was informed of a retirement option at the time she was hired. Nevertheless, the petition was properly granted.

The petitioner's allegation constituted the substantial evidence necessary to meet the burden of establishing that she did not participate in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join a public retirement system (see, Retirement and Social Security Law § 803 [b] [3]; Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662; Matter of Dapp v Board of Educ., 248 AD2d 712). The burden was then upon the District to demonstrate otherwise. However, the general conclusory assertions of the former employee's affidavit are insufficient to meet this burden (see, Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 679, supra; Matter of Tompkins v Board of Educ., 245 AD2d 522; Matter of Dapp v Board of Educ., supra; cf., Matter of Hassildine v Mattituck-Cutchogue Union Free School Dist., 225 AD2d 623). Nor did the District produce any "packet of materials" or evidence that such a packet was actually delivered to the petitioner.

Furthermore, the fact that the petitioner signed a written acknowledgment of her right to join a public retirement system in April 1987, and the fact that she elected not to join at that time, are not probative of whether she was informed of the option when she began employment. Since Retirement and Social Security Law § 803 indicates that the employee must have been informed when he or she "was first eligible to join a public retirement system", which in this case was January 21, 1986, it is of no moment that the petitioner was informed approximately 15 months thereafter. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.