■ In the Matter of VIRGINIA GUGLIELMONE, Appellant, v BOARD OF EDUCATION OF THE SAYVILLE UNION FREE SCHOOL DISTRICT, Respondent. [678 NYS2d 509] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Sayville Union Free School District, dated June 20, 1996, which, after a hearing, denied the petitioner retroactive membership in the New York State Teachers' Retirement System, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated May 30, 1997, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Education of the Sayville Union Free School District to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

The determination denying the petitioner retroactive membership in the retirement system was affected by an error of law. The respondent's determination was premised solely upon the Hearing Officer's erroneous belief that the petitioner's statements to the effect that she was not timely advised of her option to join the retirement system were legally insufficient to sustain her "substantial evidence" burden of proof under Retirement and Social Security Law § 803 (b) (3) (see, Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662; Matter of Hickey v Board of Coop. Educ. Servs., 250 AD2d 768; Matter of Zinman v Board of Educ., 248 AD2d 716; Matter of Dapp v Board of Educ., 248 AD2d 712). Moreover, it is clear that in reviewing the propriety of the challenged determination, the Supreme Court was limited to the grounds and evidence actually relied upon by the respondent's Hearing Officer in reaching the determination (see, Matter of Scanlan v Buffalo Pub. School

*Sys., supra; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758). Therefore, the reliance by the respondent and the Supreme Court upon other hearing evidence as an alternative basis for upholding the challenged determination is improper (*see, Matter of Van Antwerp v Board of Educ.,* 247 AD2d 676; *Matter of Sadoff v Ithaca City School Dist.,* 246 AD2d 861; *Matter of Gordon v Cold Spring Harbor Cent. School Dist.,* 247 AD2d 387). Inasmuch as the petitioner has sustained her burden of proof under the statute, her petition must be granted. Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.