■ In the Matter of MARYANN RAINSON, Appellant, v BOARD OF EDUCATION OF MANHASSET PUBLIC SCHOOLS et al., Respondents. [681 NYS2d 770] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of Manhasset Public Schools, dated October 3, 1996, which adopted the recommendation of a Hearing Officer, dated August 30, 1996, after a hearing, denying the petitioner retroactive membership in the New York State Teachers' Retirement System, the petitioner appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered September 12, 1997, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondents to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

Contrary to the determination of the Hearing Officer, the petitioner satisfied her initial burden of demonstrating that she met the requirements of Retirement and Social Security Law § 803 (b) (3) (*see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662; *Matter of Spector v Board of Educ.,* 251 AD2d 588). Upon this record we see no basis for the Hearing Officer's determination that the petitioner was not credible (*cf., Matter of Tompkins v Board of Educ.,* 245 AD2d 522). Accord-

ingly, we conclude that the respondents' determination to deny the petitioner's application for retroactive membership in the New York State Teachers' Retirement System was arbitrary and capricious (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra; see also, Matter of Spector v Board of Educ., supra; Matter of Dapp v Board of Educ.,* 248 AD2d 712). Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.