■ In the Matter of HARRIET JACOBS, Appellant, v WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent. [697 NYS2d 350] —In a proceeding pursuant to CPLR article 78, *inter alia,* in the nature of mandamus to compel the respondent, Wappingers Central School District, to file an affidavit stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System, the petitioner ap-

peals from a judgment of the Supreme Court, Dutchess County (Bellantoni, J.), dated August 18, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondent to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

Initially, we determine that the verification of the petition in this case was proper. Further, contrary to the Supreme Court's conclusion, the petitioner satisfied her initial burden of demonstrating that she met the requirements of Retirement and Social Security Law § 803 (b) (3) (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662; *Matter of Spector v Board of Educ.*, 251 AD2d 588). The respondent's vague and conclusory assertion that it was not the petitioner's first public employer was insufficient to demonstrate a rational basis for its failure to process the petitioner's application for retroactive membership in the retirement system. Since the dates of the petitioner's employment with the respondent are not disputed, the determination of her date of membership will be made by the public retirement system (*see,* Retirement and Social Security Law § 803 [b], [c]). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.