■ In the Matter of LEONA PERSHYN, Respondent, v BOARD OF EDUCATION OF THE UNIONDALE UNION FREE SCHOOL DISTRICT, Appellant. [703 NYS2d 223] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Uniondale Union Free School District dated July 31, 1997, which, after a hearing, denied the petitioner retroactive membership in the New York State Teachers' Retirement System, the appeal is from a judgment of the Supreme Court, Nassau County (Adams, J.), entered November 25, 1998, which granted the petition, annulled the determination, and directed the Uniondale Union Free School District to file an affidavit in support of the petitioner's application for retroactive membership in the New York State Teachers' Retirement System.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court's finding that the refusal of the Board of Education of the Uniondale Union Free School

District (hereinafter the District) to submit the statutorily-required affidavit of the petitioner's eligibility for retroactive membership in the New York State Teachers' Retirement System (hereinafter TRS) was arbitrary and capricious. The petitioner presented the substantial evidence necessary to meet her burden of establishing that she did not participate in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join the TRS (*see,* Retirement and Social Security Law § 803 [b] [3]; *Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662, 675; *Matter of Kendall v Board of Educ.,* 253 AD2d 496, 497; *Matter of Hickey v Board of Coop. Educ. Servs.,* 250 AD2d 768, 769; *Matter of Dapp v Board of Educ.,* 248 AD2d 712, 713).

The District did not produce any "packet of materials" regarding membership or evidence that such a packet was actually delivered to the petitioner (*Matter of Kendall v Board of Educ., supra,* at 497), and its use of the petitioner's "failure to come forward with information other than * * * her own recollection as a ground for denying membership in TRS [was] arbitrary and capricious" (*Matter of Scanlan v Buffalo Pub. School Sys., supra,* at 678). Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.