■ In the Matter of PATRICIA SERIO, Appellant, v BOARD OF EDUCATION OF VALLEY STREAM UNION FREE SCHOOL DISTRICT No. 13 et al., Respondents. [703 NYS2d 232] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of Valley Stream Union Free School District No. 13, dated May 20, 1997, which denied the petitioner's application for retroactive membership in the New York State Teachers' Retirement System, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered February 18, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the respondents' determination is annulled, and the matter is remitted to the Board of Education of Valley Stream Union Free School District No. 13 to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

Contrary to the Supreme Court's conclusion, the respondents' vague and conclusory allegations that at the time the petitioner was hired a standard practice existed to inform new part-time and substitute teachers of their right to join the New York State Teachers' Retirement System (hereinafter the Retirement System) were insufficient to demonstrate a rational basis for the respondents' determination that the petitioner participated in a procedure by which she was advised of her right to join and is ineligible for retroactive membership (*see,* Retirement and Social Security Law § 803 [b] [3] [iii]; *Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662; *Matter of Spector v Board of Educ.,* 251 AD2d 588; *Matter of Hickey v Board of Coop. Educ. Servs.,* 250 AD2d 768; *Matter of Dapp v Board of Educ.,* 248 AD2d 712, 713; *Matter of Gregory v Bemus Point Cent. School Dist.,* 237 AD2d 887).

One document which indicates that the petitioner had "opt[ed]" not to join the Retirement System is undated and unsigned, and contains no specific indication that the petitioner was informed of her options at the time that she commenced her employment (*see,* Retirement and Social Security Law § 803

[b]; *Matter of Scanlan v Buffalo Pub. School Sys., supra*; *Matter of Kendall v Board of Educ.*, 253 AD2d 496). Another document, which the petitioner signed in 1976, was a written acknowledgment of her right to join the system, and indicated that she elected not to join at that time. However, this document was dated more than one year after the petitioner commenced her employment in September 1975, and thus, is not probative as to whether or not she intended to join the Retirement System when she began working in the School District (*see, Matter of White v Freyman,* 265 AD2d 563; *Matter of Kendall v Board of Educ., supra*). Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.