■ In the Matter of GOLDIE NESENOFF et al., Respondents, v BOARD OF EDUCATION OF SYOSSET CENTRAL SCHOOL DISTRICT et al., Appellants. [705 NYS2d 602] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Education of the Syosset Central School District dated March 18, 1996, which, after a hearing, denied the petitioners' respective requests that it file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioners are eligible for retroactive membership in the New York State Teachers' Retirement System, the appeal is from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated September 15, 1998, which granted the petition and directed the Board of Education of the Syosset Center School District to file the requested affidavit.

Ordered that the judgment is affirmed, with costs.

Contrary to the determination of the Hearing Officer, the petitioners met the requirements of Retirement and Social Security Law § 803 (b) (3) (*see, Matter of Scanlan v Buffalo Pub.*

*School Sys.,* 90 NY2d 662; *Matter of Rainson v Board of Educ.,* 256 AD2d 411). We find no basis for the Hearing Officer's determination that the petitioners were not credible (*see, Matter of Rainson v Board of Educ., supra*). The school district had no official policy or procedure during the years 1970 through 1978 which would have informed part-time teachers of their option to join the Teachers' Retirement System. Accordingly, we concur with the Supreme Court that the appellants' failure to process the petitioners' respective applications for retroactive membership in the retirement system was arbitrary and capricious. Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.