■ In the Matter of JOY G. LICARI, Appellant, v BOARD OF EDUCATION OF COLD SPRING HARBOR CENTRAL SCHOOL DISTRICT et al., Respondents. [721 NYS2d 372] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated May 28, 1998, which, after a hearing, found that the petitioner Joy Licari was not eligible for retroactive membership in the New York State Teachers' Retirement System pursuant to Retirement and Social Security Law § 803, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), dated December 3, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Education of the Cold Spring Harbor Central School District to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.

The petitioner Joy Licari was employed by the Cold Spring Harbor Central School District (hereinafter the School District) as a part-time music teacher from 1987 to 1989. She joined the State Teachers' Retirement System (hereinafter the TRS) in 1991 upon becoming a full-time employee of a different school district. In 1995 her application for retroactive membership in the TRS was denied on the ground that she had participated in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join the TRS (see, Retirement and Social Security Law § 803 [b] [3] [iii]).

The decision of the School District was based on evidence adduced at a hearing regarding the procedure for newly-hired teachers, Licari's former membership in the New York City TRS as a full-time teacher from 1955 to 1957, and her employee folder, which indicated that she did not have a retirement number. Contrary to the Supreme Court, we conclude that the School District's determination does not have a rational basis and must be reversed.

Licari's testimony at the hearing presented the substantial

evidence necessary to meet her burden of establishing that she did not participate in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision to join the TRS (*see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662).

The School District failed to establish that, at the time Licari was hired, it had a procedure in place that would alert a reasonable person that he or she had the right to join the TRS. Although Licari was a member of the New York City TRS approximately 30 years before she was hired by the School District, there is insufficient evidence in the record to establish that the School District had a procedure, through employment forms or otherwise, that would have put her on notice of her option to join the State TRS (*see, Matter of Sadoff v Ithaca City School Dist.,* 246 AD2d 861; *cf., Matter of Clark v Board of Educ.,* 90 NY2d 662; *Matter of Tamulinas v Feldman,* 279 AD2d 527). It is undisputed that Licari did not complete the portion of the employee folder, relied upon by the District, which requested her retirement number. Finally, the conclusory evidence regarding the School District's standard procedure for new employees was insufficient to demonstrate a rational basis for the School District's determination (*see, Matter of Serio v Board of Educ.,* 269 AD2d 532; *Matter of Spector v Board of Educ.,* 251 AD2d 588).

We have not considered any issues based on Education Law § 520 (2) (b) as those issues were not raised in the proceeding before the School District, and therefore are improperly raised here for the first time (*see, Matter of Yarbough v Franco,* 95 NY2d 342, 347; *Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals,* 273 AD2d 387). O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.