Matter of Jourdain v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 00556)





Matter of Jourdain v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 00556


Decided on January 31, 2018


Appellate Division, Second Department


Hall, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-10508
 (Index No. 16008/14)

[*1]In the Matter of Marie Jourdain, petitioner- respondent, 
v
New York State Division of Housing and Community Renewal, respondent, Georgetown Leasing, LLC, appellant.



APPEAL by Georgetown Leasing, LLC, in a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated July 1, 2014, which granted a petition for administrative review and revoked a determination of a Rent Administrator dated April 29, 2013, finding that Marie Jourdain was entitled to succession rights to a rent-stabilized apartment, from a judgment of the Supreme Court (Peter P. Sweeney, J.), dated July 17, 2015, and entered in Kings County, which granted the CPLR article 78 petition, annulled the determination dated July 1, 2014, and, in effect, reinstated the determination of the Rent Administrator dated April 29, 2013, finding that Marie Jourdain was entitled to succession rights to the apartment.



Kucker & Bruh, LLP, New York, NY (Patrick K. Munson of counsel), for appellant.
Sharon A. Telford, Brooklyn, NY, for petitioner-respondent.
Mark F. Palomino, New York, NY (Sheldon Melnitsky and Susan E. Kearns of counsel), for respondent.
Legal Services NYC, Brooklyn, NY (Edward Josephson and Anita Wu of counsel), and the Legal Aid Society, New York, NY (Seymour W. James, Jr., Judith Goldiner, and Ellen Davidson of counsel), amici curiae pro se (one brief filed).



HALL, J.


OPINION & ORDER
Rent Stabilization Code (9 NYCRR) § 2523.5(b)(1) and Public Housing Law § 14(4)(a) provide family members residing with tenants in rent-stabilized apartments with succession rights under certain circumstances when the tenant vacates the apartment. On this appeal we are asked to determine whether a family member who had been residing in an apartment with the tenant for years and had the right to seek succession when the tenant moved out of the apartment lost that right by virtue of the fact that the tenant continued to pay the rent and executed a renewal lease after moving out. We answer this question in the negative.
Factual and Procedural Background
Georgetown Leasing, LLC (hereinafter Georgetown), is the owner of a rent-stabilized apartment building in Brooklyn. In December 2003, Scherley Jourdain (hereinafter Scherley) became the tenant of record of an apartment in the building. Scherley's mother, Marie Jourdain [*2](hereinafter Marie), lived in the apartment with Scherley from the outset of the tenancy. In a lease renewal form completed by Scherley in September 2005, Scherley listed Marie as an additional occupant in the apartment. In 2008, Scherley moved to Virginia with her husband. However, Scherley continued to pay the rent for the apartment and, in September 2009, executed a renewal lease form agreeing to enter into a renewal lease for the two-year period beginning January 1, 2010, and ending December 31, 2011. Meanwhile, Marie continued to live in the apartment without Scherley.
In September 2011, Georgetown served Scherley and Marie with a notice of intention to refuse to renew the lease again on the ground that Scherley, the tenant of record, lived in Virginia and had not been seen in or around the property since at least February 2010. The notice directed Scherley and Marie to quit, vacate, and surrender possession of the apartment on or before December 31, 2011.
In November 2011, Marie, then aged 70, filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) regarding Georgetown's refusal to renew the lease. In her supporting papers, Marie asserted that Scherley had permanently vacated the apartment and moved to another state. In a determination dated December 27, 2011, a Rent Administrator found that Marie was entitled to succession rights to the apartment. Georgetown filed a petition for administrative review (hereinafter PAR) of the Rent Administrator's determination. In a determination dated November 27, 2012, the Deputy Commissioner of the DHCR granted the PAR to the extent of remitting the proceeding to the Rent Administrator for further fact finding, including ascertaining the date that Scherley permanently vacated the apartment.
Marie then submitted a number of documents to the Rent Administrator establishing that she had resided in the apartment since 2003, and asserted that, in addition to being a senior citizen, she was also disabled. Marie also submitted a letter from Scherley, dated December 26, 2012, in which Scherley asserted that she had moved to Virginia with her husband on August 23, 2008, but that she continued to provide support and care for her mother, Marie. Scherley also stated in the letter that, at some point in time, she called the building's former management company to see if Marie's name could be placed on the lease as a primary tenant, but was told that Marie did not need to place her name on the lease since she was on record as being an occupant. Finally, Marie submitted a copy of Scherley's marriage certificate, showing the date of marriage as August 23, 2008.
In a determination dated April 29, 2013, the Rent Administrator again found that Marie was entitled to succession rights to the subject apartment. Georgetown filed another PAR challenging this determination. In a determination dated November 29, 2013, the Deputy Commissioner of the DHCR affirmed the Rent Administrator's determination. However, after Georgetown commenced a CPLR article 78 proceeding to review the determination dated November 29, 2013, and after the parties stipulated to remit the matter to the Deputy Commissioner for reconsideration, in a determination dated July 1, 2014, the Deputy Commissioner revoked the determination of the Rent Administrator dated April 29, 2013, and found that Marie was not entitled to succession rights to the subject apartment. In the determination dated July 1, 2014, the Deputy Commissioner concluded that such a finding was required because this case was indistinguishable from the decision of the Appellate Division, First Department, in Third Lenox Terrace Assoc. v Edwards (91 AD3d 532).
Marie then commenced this proceeding pursuant to CPLR article 78 to review the determination dated July 1, 2014. In a judgment dated July 17, 2015, the Supreme Court granted the petition, annulled the determination dated July 1, 2014, and, in effect, reinstated the determination of the Rent Administrator dated April 29, 2013, finding that Marie was entitled to succession rights to the apartment. Georgetown appeals. In its brief, the DHCR has changed its position again, and now argues that the determination of its Deputy Commissioner dated July 1, 2014, was properly annulled by the Supreme Court.
Analysis
The Rent Stabilization Law (hereinafter RSL) "was enacted in 1969 in response to a housing crisis which had developed in part because the Rent Control Law did not apply to some 400,000 apartments constructed after 1947" (Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 216 [citation omitted]). "[T]he dual purposes of the Rent Stabilization Law were to protect tenants from eviction as a result of rapidly spiraling rent increases and to encourage future housing construction by allowing landlords reasonable rent [*3]increases so that they could profit from the operation of their properties" (id. at 216). "The RSL . . . authorized the DHCR to promulgate a Rent Stabilization Code consisting of rent stabilization rules that are consistent with the provisions of the RSL" (Bartis v Harbor Tech, LLC, 147 AD3d 51, 57; see L 1985, ch 888, § 2; Administrative Code of City of NY § 26-511; Rent Stabilization Assn. of N.Y. City v Higgins, 83 NY2d 156, 165).
In 1987, the DHCR promulgated Rent Stabilization Code § 2523.5(b)(1), which gives certain family members residing with named tenants of rent-stabilized units succession rights when a named tenant vacates the unit. The DHCR did this in order to protect those who, in its "experience as sole administrator of residential rent regulation and adjudicator of eviction disputes, are most in need of protection against loss of their homes in a continuing housing emergency" (Rent Stabilization Assn. of N.Y. City v Higgins, 83 NY2d at 170). The regulation was later codified by the New York State Legislature as Public Housing Law § 14(4)(a). Regulations providing for succession rights "serve the important remedial purpose of preventing dislocation of long-term residents due to the vacatur of the head of household" (Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 653). The regulation " should be liberally construed to carry out the reform intended and spread its beneficial effects as widely as possible'" (Festa v Leshen, 145 AD2d 49, 56, quoting Lesser v Park 65 Realty Corp., 140 AD2d 169, 173).
Rent Stabilization Code § 2523.5(b)(1) and Public Housing Law § 14(4)(a) provide that if an offer to renew a rent-stabilized lease is made to a tenant who has "permanently vacated" the housing accommodation,
"any member of such tenant's family . . . who has resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years, or where such person is a senior citizen,' or a disabled person' . . ., for a period of no less than one year, immediately prior to the permanent vacating of the housing accommodation by the tenant, or from the inception of the tenancy or commencement of the relationship, if for less than such periods, shall be entitled to be named as a tenant on the renewal lease" (9 NYCRR 2523.5[b][1]; see Public Housing Law § 14[4][a]).
Here, Georgetown contends that although Scherley moved out of the apartment in 2008, and never resided there again, Scherley did not "permanently vacate" the apartment at that time because she continued to pay the rent and, in September 2009, executed a renewal lease for a term ending December 31, 2011. Georgetown contends that Scherley only permanently vacated the apartment when the last lease renewal expired on December 31, 2011. Although Scherley's mother Marie has resided in the apartment from the outset of Scherley's tenancy in 2003 to the present, Georgetown contends that Marie was not entitled to succession rights because, during the one-year period immediately prior to December 31, 2011, Marie did not reside "with the tenant," as Scherley had moved out in 2008. In support of this argument, Georgetown relies on the Appellate Division, First Department, decision in Third Lenox Terrace Assoc. v Edwards (91 AD3d 532), as well as a number of cases from the Supreme Court, Appellate Term (see e.g. M & B Lincoln Realty Corp. v Thompson, 49 Misc 3d 154[A], 2015 NY Slip Op 517 96[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; Jols Realty Corp v Nunez, 43 Misc 3d 129[A], 2014 NY Slip Op 50529[U] [App Term, 2d, 11th & 13th Jud Dists]; Ludlow 65 Realty, LLC v Chin, 42 Misc 3d 126[A], 2013 NY Slip Op 52129 [U] [App Term, 1st Dept]; 360 W. 55th St., L.P. v De George, 36 Misc 3d 126[A], 2012 NY Slip Op 51159[U] [App Term, 1st Dept]).
While those cases provide support for Georgetown's reading of the regulation, and while the language of the regulation is arguably ambiguous in that it could be read in the manner suggested by Georgetown, we conclude that, in promulgating Rent Stabilization Code § 2523.5(b)(1), the DHCR intended the "permanent vacating of the housing accommodation by the tenant" to mean the time that the tenant permanently ceased residing at the housing accommodation, and that the mere execution of a renewal lease and the continuation of rent payments by the tenant after the tenant permanently ceases to reside at the housing accommodation does not extend the relevant time period. Thus, the relevant one- or two-year period (depending on whether or not the family member is a senior citizen or disabled) in which the family member must "reside with" the tenant is the one- or two-year period immediately prior to when the tenant ceases residing at the housing accommodation. The purpose of the succession rule is to prevent displacement of family [*4]members who have been residing with tenants at housing accommodations for long periods of time (see Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d at 653; Rent Stabilization Assn. of N.Y. City v Higgins, 83 NY2d at 170; 245 Realty Assoc. v Sussis, 243 AD2d 29, 32; Hugues v Lenox Hill Hosp., 226 AD2d 4, 15). We can discern no reason why the DHCR would intend to deny succession rights to a family member who had been residing in a unit for a long period of time merely because there was a period of time when the named tenant no longer resided there but still maintained some connection to the property. In this case, it is undisputed that Marie would have been entitled to succession if she had sought it immediately after her daughter moved out of the apartment in 2008. We see no rational reason to treat her differently solely because the named tenant later executed a renewal lease and continued to pay the rent while no longer residing there. We thus conclude that this was not the intent of the DHCR in promulgating the regulation.
"An agency's interpretation of its own regulations is entitled to deference if that interpretation is not irrational or unreasonable'" (Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481, quoting Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549). Here, prior to the decision of the First Department in Third Lenox Terrace Assoc. v Edwards (91 AD3d 532), the DHCR did not interpret Rent Stabilization Code § 2523.5(b)(1) as precluding a family member of a tenant who had moved out but continued to pay the rent and sign renewal leases from making a succession claim. For example, in Festa v Leshen (145 AD2d 49), in which a landlord unsuccessfully contended that the DHCR lacked the authority to promulgate Rent Stabilization Code § 2523.5(b)(1), the DHCR intervened on behalf of the family member of a tenant who had moved out but continued to pay the rent and sign renewal leases (see Festa v Leshen, 145 AD2d at 50). Here, while the DHCR determined, in the determination dated July 1, 2014, that Marie was not entitled to succession rights, under the belief that it was bound by the First Department's decision in Third Lenox, the DHCR has changed its position on appeal and now contends that Marie should not be precluded from succeeding to the lease merely because Scherley continued to pay rent and executed a renewal lease after she moved out of the apartment.
Some of the cases interpreting Rent Stabilization Code § 2523.5(b)(1) in the context of tenants who had moved out but continued to execute renewal leases have been concerned with fraud on the part of the tenant and prejudice to the landlord resulting from any fraud. For example, in the Appellate Term decision that was affirmed in Third Lenox, the court stated that the family member and the tenant "affirmatively misrepresented the fact that tenant no longer resided in the apartment for more than eight years and, by necessity, unduly prejudiced landlord in the prosecution of its eviction claim" (Third Lenox Terrace Assoc. v Edwards, 23 Misc 3d 126[A], 2009 NY Slip Op 50525[U], *2 [App Term, 1st Dept], affd 91 AD3d 532; see South Pierre Assoc. v Mankowitz, 17 Misc 3d 53, 54-56 [App Term, 1st Dept] [finding that the respondent's actions of forging the deceased tenant's name on no fewer than seven renewal leases and numerous rental payments over the course of more than 10 years prejudiced the landlord by preventing the landlord from undertaking a contemporaneous investigation into the emotional and financial underpinnings of the respondent's "nontraditional" family member succession claim]). Even if these considerations are relevant, they do not militate in favor of denying Marie succession rights in this case. Here, Marie only executed one renewal lease after moving out of the apartment, as opposed to the three two-year renewal leases executed by the tenant in Third Lenox after she moved out. The execution of one renewal lease after having moved out of the apartment does not necessarily indicate an attempt to deceive the landlord. As noted above, it is undisputed that Marie would have been entitled to succession if she had asserted a succession claim immediately after Scherley moved out in 2008. Thus, for the purposes of succession, Marie and Scherley had nothing to gain by representing that Scherley was still living there. Most importantly, since there is no dispute in this case that Marie was a family member who had resided in the apartment since 2003, under the circumstances of this case, the landlord was not prejudiced by any misrepresentation or delay (see 354 E. 66th St. Realty Corp. v Curry, 26 Misc 3d 130[A], 2010 NY Slip Op 50025[U] [App Term, 1st Dept]; Riverton Assoc. v Knibb, 11 Misc 3d 14, 15 [App Term, 1st Dept]; ELK 300 E 83 LLC v Dowd, 2015 NY Slip Op 32443[U] [Civ Ct, NY County], affd 52 Misc 3d 131[A], 2016 NY Slip Op 50976[U] [App Term, 1st Dept]).
In sum, since it is undisputed that Marie resided with Scherley for the one-year period immediately prior to the time that Scherley permanently ceased residing in the subject apartment in 2008, she was entitled to succession rights pursuant to Rent Stabilization Code § 2523.5(b)(1) and Public Housing Law § 14(4)(a). The DHCR's determination to the contrary dated July 1, 2014, was [*5]affected by an error of law (see CPLR 7803[3]; Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d 742, 743; Matter of Guglielmone v Board of Educ. of Sayville Union Free School Dist., 253 AD2d 880, 880-881; Matter of CVS Discount Liq. v New York State Liq. Auth., 207 AD2d 891, 892-893). The Supreme Court therefore properly annulled the determination dated July 1, 2014, and properly reinstated the determination of the Rent Administrator dated April 29, 2013, finding that Marie was entitled to succession rights to the apartment.
Accordingly, the judgment is affirmed.
MASTRO, J.P., COHEN and IANNACCI, JJ., concur.
ORDERED that the judgment is affirmed, with costs to Marie Jourdain, payable by Georgetown Leasing, LLC.
ENTER:
Aprilanne Agostino
Clerk of the Court